## F. F. Niblett *v.* State of Mississippi.

Appeals. *Appeals to circuit court. Plea of guilty before justice of the peace. Code 1892, § 32.*

> The fact that the accused pleaded guilty before a justice of the peace does not preclude an appeal to the circuit court from the judgment entered on such plea, § 32, code 1892, being limited in its application to appeals from circuit and chancery courts. *James* v. *Woods*, 65 Miss., 528, cited.

From the circuit court of Tunica county.

Hon. F. A. Montgomery, Judge.

The opinion states the case.

*F. A. Montgomery, Jr.*, for appellant.

Section 86, code 1892, provides that anyone convicted may appeal from the judgment of a justice of the peace, and that the case shall, in the circuit court, be tried *de novo.* It also directs that "the case shall be tried anew and disposed of as other cases pending in said court" (the circuit court). The case is therefore tried as if there had never been a previous trial, the

statute making no distinction between one convicted on a plea of not guilty and one convicted on a plea of guilty. That his plea of guilty was in the nature of a confession does not affect the question, for he should at least be allowed to explain the confession.

*Wiley N. Nash*, attorney-general, for the state.

The judgment by the justice of the peace was by consent, and an appeal does not lie from a consent judgment. *Willington* v. *Stratton*, 11 Mass., 395; *Inhabitants of Alfred* v. *Inhabitants of Saco*, 7 *Ib.*, 380; *Carroll* v. *Richardson*, 9 *Ib.*, 327.

STOCKDALE, J., delivered the opinion of the court.

This case commenced in the court of a justice of the peace, where appellant was sentenced to thirty days' imprisonment, and to pay ten dollars fine, for carrying a weapon concealed, from which judgment he appealed. In the circuit court, the counsel for the state moved to dismiss the appeal and for a writ of procedendo to the justice's court, because the record disclosed the fact that the defendant had pleaded guilty to the charge in the justice's court. The motion was sustained, and a writ of procedendo ordered, and defendant appealed here. The circuit court recites in its judgment that the action of the court was based on the recital, in the record of the justice's court, that defendant had pleaded guilty there.

This court has held, in *James* v. *Woods*, 65 Miss., 528, that a defendant may appeal to the circuit court from a consent judgment in a civil case, announcing that § 2309, code of 1880, did not apply to a justice's court. Section 32, code of 1892, is like § 2309, code of 1880, and does not apply to a justice's court. Only consent judgments and decrees of the circuit and chancery courts are excepted out of the general right of appeal given by the statute, and, for stronger reasons, an appeal in criminal cases should not be denied. Section 86, code 1892, provides that anyone convicted of a criminal offense against the

laws of the state by the judgment of a justice of the peace, may appeal to the circuit court. The statute makes no exceptions as to appeals, and provides that the trial in the circuit court shall be not upon the justice's court record, but *de novo.* The appeal has the effect of a grant of a new trial, and the statute gives the accused the right to have a new trial in the circuit court.

*The judgment of the court below is reversed, and the cause reinstated on the docket for trial de novo.*