Statement of the case.

---

SAMUEL STANLEY v. STATE OF MISSISSIPPI.

CRIMINAL LAW. *Poisoning food, drink, etc.    Code* 1892, § 1255. *Corpus delicti.   Confession.   Evidence.*

Under Code 1892, § 1255, making it a crime to mingle poison with any food, drink or medicine with intent to kill or injure any human being, the *corpus delicti* is the mingling of the poison with the food, drink or medicine, and the same cannot be proved alone by the confession of the accused.

FROM the circuit court of, second district, Carroll county.

HON. WILLIAM F. STEVENS, Judge.

Stanley, appellant, was indicted, tried, and convicted under Code 1892, sec. 1255, of having mingled poison with water, with intent thereby to murder one Heggie.

The statute is as follows: *Poisons — Mingling Poisons with Food, Drink, or Medicine, Poisoning Spring, Well, Reservoir of Water,* etc.—Every person who shall mingle any poison with any food, drink, or medicine with intent to kill or injure any human being, who shall willfully poison any well, spring, or reservoir of water, shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years, or in the county jail not exceeding one year, or by fine not exceeding one thousand dollars, or both."

The indictment charges that Samuel Stanley did "willfully, feloniously, and maliciously mingle poison, the kind unknown to the grand jurors, with the food and drink of A. L. Heggie, and other persons unknown, with the intent and in the attempt then and there, of his malice aforethought, to kill and injure the said A. L. Heggie, and other persons to the grand jury unknown."

*McClurg & Gardner,* for appellant.

The *corpus delicti* in this case was not proved, save by the confessions of the accused, if at all, and of course the peremptory instruction to find for defendant ought to have been given. *Osborne.* v. *State,* 64 Miss., 320. The peremptory instruction ought to have been given for divers other reasons mentioned in the motion for a new trial.

*J. N. Flowers,* assistant attorney general, for appellee.

The indictment in this case was a good one, and the demurrer to it was properly overruled. *Taylor's Case,* 74 Miss., 547.

In regard to the confessions this court will not presume that the confessions were extorted. There is sufficient evidence in the record to establish appellant's guilt beyond a reasonable doubt. The instructions given by the court, taken as a whole, are correct, and it is manifest from the record that appellant had a fair and impartial trial.

CALHOON, J., delivered the opinion of the court.

The *corpus delicti* cannot be proved by the confession of an accused person. Without the confession in the case at bar there is no proof of it. The *corpus delicti* here is the mingling of poison with water. The water was bitter, and was spit out without harmful effect. It is not shown that there was poison in it, althought the water in the bucket was at hand.

Under *Osborne* v. *Sate,* 64 Miss., 320, 1 South., 349, this case must be                              *Reversed and remanded.*