EUGENE JENKINS *v.* STATE.

[54 South. 158.]

1. CRIMINAL LAW. *Plea of guilty. Corpus delicti. Evidence. Code* 1906, *section* 87. *Appeal.*

Code 1906, § 87 giving a party, convicted of a criminal offense before a justice of the peace, the right of appeal to the circuit court and to a trial therein *de novo,* a plea of guilty in the justice of the peace court does not debar the defendant from such appeal.

2. CORPUS DELICTI.

The *corpus delicti* cannot be established by a confession alone, there must be corroborative proof, but the confession made before a trial in the justice of the peace court and defendant's plea of guilty there may be introduced on the trial in the circuit court as testimony tending to establish the guilt of defendant.

APPEAL from the circuit court of Pike county.
HON. D. M. MILLER, Judge.

Eugene Jenkins was convicted of carrying a concealed weapon and appeals. The facts are fully stated in the opinion of the court.

*Clem V. Ratcliff,* for appellant.

Counsel for the state admit that the action of the court in excluding the testimony as to threats, violence and abuse, and the subsequent exclusion of the confessions made under such circumstances, was correct. They desire to uphold the conviction on the evidence of Walker to whom a confession was purported to have been made. This cannot avail the prosecution since the purported confession to Walker was made subsequent to those to Brewer and Thompson, which were excluded because they were obtained unlawfully, and it was not shown that the evil effects and unlawful methods of obtaining the first confessions, making them incompetent, had been removed, when defendant was talking to Walker. See *Reason* v. *State,* 94 Miss. 290. The attorney-general concedes that appellant is correct in his position on the law, but they claim the facts do not justify the position taken. We submit that the record does show in every page thereof that every confession was obtained of defendant, by officers, after he had been taken as a prisoner, and unmercifully beaten by them and shot at, and scared almost to death, and that there is not a single particle of evidence upon which a verdict of guilty might rest except these confessions.

Next it is said by the attorney-general that the court should not reverse because the court admitted testimony that the defendant plead guilty in the justice court. Yet, he says that the plea of guilty ought not to be admitted. Walker testified that the defendant did plead guilty in the justice court. Brewer and Thompson testified that the defendant was not placed on the stand at all. If they tell the truth, he merely plead to the charge and did not testify and hence it was error to allow Walker to give

in evidence his plea before the justice court. We understand the law to so hold. See *Ireland* v. *The State,* 89 Miss. 763. In this case the justice of the peace testified that the defendant entered a plea of guilty. In the instant case witness Walker testified that he plead guilty. If the justice of the peace cannot testify to such, certainly just an ordinary witness cannot do so.

We submit that the record totally fails to disclose guilt of the accused, and that he has been convicted solely and alone on the purported confessions obtained from him in the most cruel and inhuman manner, by several officers, and the accused was a mere negro boy.

We respectfully insist that the case ought to be reversed and remanded.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

Counsel insists that there is error in the record, in this, that testimony was admitted to show that defendant pleaded guilty in the court below. I call special attention to the record. It will be seen that when Walker was on the stand he was asked if the defendant had testified in the lower court, and he answered that he had taken the stand and said that he was guilty. Of course, the testimony of a witness in the justice court can be proven on a trial in the circuit court, though a plea of guilty by a defendant in the justice court ought not to be admitted in evidence in the circuit court. When other witnesses took the stand it appeared from their testimony that the defendant did not take the stand as a witness, but simply entered a plea of guilty and the court very promptly and properly excluded this from the evidence, therefore, there is no ground for complaint on this point.

The record abundantly shows the guilt of the defendant; it shows that he had a pistol in his possession and either hid it by a fence, or dropped it there when he was

running when he was being pursued. On the whole record the case should be affirmed. Counsel seems to overlook the fact the primary inquiry in this court is and should be the guilt or innocence of the accused. Instead of reviewing the record with that in view, he puts the judge, jury, witnesses and state's attorney on trial and tries to condemn some act of theirs, losing sight of the defendant's case entirely.

The defendant is clearly guilty and was legally convicted and the case should be affirmed.

ANDERSON, J., delivered the opinion of the court.

The appellant, Eugene Jenkins, a negro was convicted in the circuit court of Pike county of carrying, concealed about his person, a pistol, and appeals to this court. Brewer and Thompson, one a deputy sheriff and the other a constable, conceiving that the appellant had a pistol concealed on his person, undertook to search him, when he fled. As he was fleeing, one of the officers shot at and missed him. The appellant ran about two hundred and fifty yards and stopped. These officers then went to him, and found that he had no pistol about his person, but found one over in the field where he stopped after being shot at. One of the officers struck him about the face with his pistol, causing a wound which bled freely. Appellant then confessed that when first approached by these officers, before he fled, he had the pistol, which was found in the field, concealed in his overalls, and had thrown it over there. They arrested and took him to the house of Mr. Walker, and turned him over into his custody for a little while. While so in the custody of Walker, only a few minutes after having made the confession to the officers, the appellant made the same confession to Walker. There was a trial before a justice of the peace. The appellant pleaded guilty. He then took an appeal to the circuit court, where he was tried and convicted. On the trial in the circuit court

the only testimony against him was that of Walker as to the confession made to him by appellant, and the testimony of other witnesses that they were present at the trial before the justice of the peace and appellant there pleaded guilty to the charge. There was no testimony whatever, by any witness, that the appellant had concealed about his person a pistol; his conviction being alone on the confession and plea of guilty referred to.

It is contended that the *corpus delicti* was not proven, and therefore the court erred in admitting in evidence the confessions made by the appellant. The *corpus delicti* must be proven by evidence *aliunde* the confessions of the accused. *Stanley* v. *State,* 82 Miss. 498, 34 South. 360; *Jenkins* v. *State,* 41 Miss. 582; Bishop's New Criminal Law and Procedure, 1058. In *Heard* v. *State,* 59 Miss. 545, the accused was charged with the larceny of a pocketbook. The owner was seeking it, and, suspecting the accused, had him arrested. "Just as the arrest took place, he was observed to throw away a pocketbook, which was immediately identified, in his presence, by Nash (the owner) as his lost property, and Nash's assertion to that effect was not denied by the accused." Afterwards the accused, before the committing court, voluntarily confessed his guilt. The court held that these facts sufficiently proved the *corpus delicti,* stating the principle thus: "Where there has been a confession by the accused, much slighter proof is required to establish the *corpus delicti* than would be necessary where the state must make out the entire case, unaided by the confession. Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real, and not an imaginary, crime which the accused has confessed. . . . Here there is no proof whatever (except the confessions of the appellant) to show that he had a pistol concealed, that he threw the pistol over in the field, where it was found, or that he had had it in his possession, unless it may be said that his flight when

about to be searched, and his proximity to the pistol, found near where he stopped, is sufficient evidence of the *corpus delicti.* To so hold would be, in our judgment, a marked extension of the principle declared in the Heard case, and the laying down of a mischievous precedent.

The plea of guilty entered by the appellant in the trial before the justice of the peace was entitled to no more weight in establishing the *corpus delicti* than the extra-judicial confession testified to by the witness Walker. By section 87, Code 1906, persons convicted of criminal offenses are given the right of appeal to the circuit court, where there is a trial *de novo.* It is held in *Niblett* v. *State,* 75 Miss. 105, 21 South. 799, that a person pleading guilty to a criminal offense before a justice of the peace is not barred from appealing to the circuit court. On the trial in the circuit court the state may introduce the record of the justice of the peace, showing the plea of guilty, as testimony tending to establish the guilt of the defendant. Such record, however, is not conclusive of guilt. The defendant may contest it after having pleaded not guilty. It is a mere confession of guilt, and, like any other confession, is not sufficient alone to prove the body of the crime. There must be other testimony tending to establish that the crime has been committed, in order to make competent the confessions of the accused, made either by a plea of guilty before a justice of the peace or otherwise.

It follows from these views that, on the testimony in this record, the court below should have instructed the jury to return a verdict for the appellant.

*Reversed and remanded.*