## JOHN MURRAY v. STATE.

[61 South. 315.]

CRIMINAL LAW. *Confessions. Corpus delicti. Sufficiency of proof.*

> The evidence on the trial of a party charged with crime is wholly insufficient to support a verdict of guilty, where the *corpus delicti* was proven if at all, only by the confession of the accused.

APPEAL from the circuit court of Claibourne county.
HON. H. C. MOUNGER, Judge.

John Murray was convicted of having removed from one county to another certain property subject to the landlord's lien, and appeals.

The property removed consists of three bales of cotton upon which a landlord's lien existed. Appellant's landlord testified as a witness for the state that he had received five bales of cotton as part of his rent, but could not be positive that appellant had raised more than five bales, but supposed he had raised more, because he cultivated land enough to have done so. He had not seen appellant's cotton weighed or marked, but testified that appellant had lacked three bales of paying the amount of rent agreed upon. The court, over objection of appellant, admitted an alleged confession, made to his landlord and the deputy sheriff who arrested him, in which appellant stated that he would straighten the matter out if he were not prosecuted. On appeal, it is insisted that *corpus delicti* was not proven without the assistance of the purported confession.

*J. McC. Martin,* for appellant.

The verdict of the jury is against the law and the evidence. Appellant's abstract shows fully and clearly all the material facts, so grouped and condensed as to place the whole record fairly before the court. It is clear that, independent of the so-called confession, claimed by Vardeman to be made to him, the *corpus delicti* has not been proven. With it, according to the law above cited, it has not been proven, because it must be proven by testimony *aliunde* to confession. Vardeman nowhere has offered a single word of evidence to establish he ever had a lien on the cotton he claims to have been disposed of by Johnson. Take the evidence as a whole and in its strongest form against appellant the case was not made out, because the indictment charges that Murray knowingly and feloniously did remove certain three bales of cotton raised on Vardaman's plantation, etc., upon which he had a lien, to another county, to wit, the county of Copiah. Does the evidence show that the cotton sold by Henry Ford, alias Louis Johnson, was cotton raised on Vardaman's place? Does even the so-called confession show that it was raised

there in 1909 and that Vardaman had a lien on it? As a matter of fact, even if it had been raised on his place and had been removed by Murray he did not have a lien on all the cotton, for the right could extend to only six hundred and thirty pounds. On the contrary, though, Vardeman does not swear, nor can he do so, that Murray grew and gathered a single lock more of cotton from lands rented by him in 1909, than what was contained in the five bales actually delivered to him.

*Geo. H. Ethridge,* assistant attorney-general, for appellee.

The ninth assignment of error is not well taken, because there is ample evidence to sustain the verdict, and it is rather difficult to see how the jury, on the testimony as disclosed by this record, could have honestly reached any other conclusion that that the appellant was guilty. To reach any other conclusion it would have had to disregard all the testimony of all the other witnesses, except that of the defendant and two negro women that testified for him. Of course, the jury have the right to say just what they believed, and they have spoken upon that proposition, and as to this fact their verdict is conclusive, in a conflict of evidence as in the present case.

I therefore submit that the case should be affirmed.

Argued orally by *J. McC. Martin,* for appellant and *Geo. H. Ethridge,* assistant attorney-general, for appellee.

SMITH, C. J., delivered the opinion of the court.

The evidence in the case is wholly insufficient to support the verdict, for the reason that the *corpus delicti* was proven, if at all, by the alleged confession of appellant, if confessed in fact it be.

Reversed, and judgment of not guilty here.

*Reversed.*