## RAYBORN *v.* STATE.

### [76 South. 639, Division A.]

1. CRIMINAL LAW. *Confessions. Corpus delicti. Arson.*
   The *corpus delicti* must be proven by evidence *aliunde* the confessions of the accused.

2. ARSON. *Corpus delicti. Evidence. Sufficiency.*
   The *corpus delicti* in a case of arson consist, not only in the proof of the burning of the house or other things burned, but of criminal agency in causing the burning.

APPEAL from the circuit court of Walthall county.
HON D M. MILLER, Judge.

Clarence Rayborn was convicted of unlawfully, wilfully and maliciously and feloniously setting fire to and burning a fence and appeals.

The facts are fully stated in the opinion of the court.

*E. G. Williams,* for appellant.

The *corpus delicti* was not proven. The rule as laid down in the *Pitts case,* 43 Miss. 472, is that the proof must show that the fence was burned and that it was burned through some criminal agency. This statement of the law was cited and approved in *Spears* v. *The State,* 92 Miss. 613, and has not been questioned since that time. There is no evidence in this record that will show anything about how the fire which had burned this fence, originated, and not a single circumstance to show that it was caused by any criminal agency, except the statements made by the defendant himself. Excluding these statements, as we will undertake to show hereinafter should have been done, it is perfectly clear that the *corpus delicti* was not proven. As being in point supporting this position we cite *Barron* v. *State,* 71 So. (Miss.) 374; *Daniels* v. *State,* 68 So. (Ala.) 499.

*Ross· A. Collins,* attorney-general, for the state.·

The *corpus delicti* can be shown like any other fact by circumstantial evidence. In the case at bar, the burning of the fence is shown. It is further shown that appellant was not on good terms with Mr. Bacot, the owner of the fence, because he had expelled appellant from school a short time before. It was shown by witness Howell that while passing along the road he observed that the fire was burning in the "rough" just a few feet from the fence and that it had burned over a space only about thirty yards wide but that the string of fire was about three hundred yards in length—a circumstance which rebuts and destroys any presumption that the fire was accidental. Taking all the facts and circumstances in the .case together, criminal agency was sufficiently shown, and the confession of the accused was properly admitted.·

Counsel for appellant argues in his brief that the confession was inadmissible because the *corpus delicti* was not first proven. The admission of the confession in evidence was objected to solely on the ground that it was incompetent—an entirely different ground from that argued in his brief.

This court, in the case of *Mississippi Central Railroad Company* v. *Robinson,* 106 Miss. 896, said: "It is the rule that this court, upon the hearing of an appeal, will only regard such objections to the admission as was made in the trial. We are considering errors of the trial court. We must limit this consideration to the ruling on the point presented to the court. To do otherwise 'would be for this court to review, not the case actually tried in the lower court, but one which might have been tried'" citing with approval *Alexander* v. *Eastland,* 37 Miss. 554; *Moore* v. *Railroad Company,* 59 Miss. 243.

The testimony of every witness for the state, and there were eight or ten, shows beyond a doubt that the confession was made freely and voluntarily without threats, fear or promises. Not only did he make a confession to the county attorney but to others at the justice of the peace

court and plead guilty to the charge there in open court. The appellant admitting making the confessions, but claimed that he did so because of the promises made him by the county prosecuting attorney to let him off with the payment of a light fine. The credibility of these witnesses was for the jury to pass upon and they accepted the state's theory and rejected the defendant's.

SYKES, J., delivered the opinion of the court.

The appellant, Clarence Rayborn, was indicted and convicted in the circuit court of Walthall county of the crime of unlawfully, willfully, maliciously, and feloniously setting fire to and burning a certain fence. The indictment was based upon section 1042 of the Code of 1906. He was sentenced to a term of six months on the county farm and to pay a fine of $100.00, from which sentence and judgment this appeal is prosecuted.

An affidavit was originally made against this appellant before a justice of the peace, to which, in the justice of the peace court, he pleaded guilty and was sentenced, but prosecuted an appeal from the sentence and judgment of the justice of the peace court. In the circuit court he was at first put upon trial under this affidavit, but after the introduction of the testimony, the court sustained a demurrer to the evidence. The grand jury then indicted the defendant, and under this indictment he was convicted. From which judgment the present appeal was prosecuted. The fact that the fence was burned is testified to by several witnesses who passed the place while the fence was burning. These witnesses say that the fire started in what they term "the rough" near the fence. The fence and the rough were both burning for a distance of a number of yards when seen by the witnesses.

There were two confessions of the appellant introduced by the state. One of these was made to the county attorney in the presence of the constable and another witness after the appellant had been arrested. The other was his plea of guilty before the justice of the peace.

There are two points made by counsel for appellant as cause for reversal. The first is that the *corpus delicti* was not proven *aliunde* the two confessions. The second is that the confessions were inadmissable because not freely and voluntarily made.

It is only necessary for us to consider the first question, viz., whether or not the *corpus delicti* was sufficiently proven without considering the two alleged confessions. This court has repeatedly held that the *corpus delicti* must be proven by evidence *aliunde* the confessions of the accused. *Stanley* v. *State*, 82 Miss. 498, 34 So. 360; *Jenkins* v. *State*, 41 Miss. 582; *Jenkins* v. *State*, 98 Miss. 717, 54 So. 158. In the latter case, in speaking of a plea of guilty entered before a justice of the peace, the court had this to say about it: "The plea of guilty entered by the appellant in the trial before the justice of the peace was entitled to no more weight in establishing the *corpus delicti* than the extrajudicial confession testified to by the witness Walker."

The mere fact that the fence was burned does not establish the *corpus delicti*. The criminal agency must be proven either by direct or circumstantial testimony. "The *corpus delicti*, in a case of arson consists, not only in the proof of the burning of the house or other thing burned, but of criminal agency in causing the burning." *Spears* v. *State*, 92 Miss. 619, 46 So. 166, 16 L. R. A. (N. S.) 285. This doctrine is reaffirmed in the late case of *Barron* v. *State*, 111 Miss. 231, 71 So. 374. In conclusion we say that there was no testimony whatever *aliunde* the confessions to establish that the fire was caused by any criminal agency, which is necessary before the defendant can be convicted in this case.

*Reversed and remanded.*