WILLIAMS *v.* STATE.

[92 South. 584.   No. 22434.]

1. CRIMINAL LAW.  *Corpus delicti cannot be established by confes-
sion of accused alone.*

The *corpus delicti* cannot be proven alone by the confession of
the defendant.

2. CRIMINAL LAW.  *Evidence obtained by unlawful search of premises
of accused inadmissible.*

Evidence obtained against a defendant in a criminal case as the
result of a search of his home and premises without a search
warrant in violation of section 23 of the Constitution cannot be
used against such defendant on his trial, because to do so would
violate that clause of section 26 of the Constitution guaranteeing
persons charged with crime against forced self-incrimination;
there being no difference in principle in forcing a defendant to
speak against himself by word of mouth, and in forcing, by an
unlawful search, the contents of his home and premises to give
evidence against him.   In either case his constitutional guaranty
against being compelled to give evidence against himself is
violated.

3. CRIMINAL LAW.  *Evidence unlawfully obtained by search cor-
roborated only by accused's confession of corpus delicti held
insufficient.*

If such evidence so obtained is the only evidence corroborative of
defendant's confession of the *corpus delicti* it is insufficient to
sustain a conviction.

APPEAL from circuit court of De Soto county.

HON. GREEK L. RICE, Judge.

Moody Williams was convicted of manufacturing intoxicating liquors, and he appeals. Reversed, and defendant discharged.

*Tipton & Wall,* for appellant.

The *corpus delicti* is not established in this case by evidence offered by the state; by evidence *aliunde* the confession alleged to have been made, or by all the evidence taken as a whole as shown by the record.

There is no evidence of whiskey having been manufactured or that any of the alleged implements were used in the manufacture of whiskey or that they were adapted to the manufacture of whiskey, and no whiskey was discovered, produced, or offered in evidence before the jury. The motion of appellant as to the *corpus delicti* having not been proven should have been sustained. (*Sam v. State,* 33 Miss. 347; *Stanley v. State,* 82 Miss. 498; *Murray v. State,* 104 Miss. 296; *Barron v. State,* 111 Miss. 231; *Rayborn v. State,* 115 Miss. 730; *Patterson v. State,* 90 So. 2.)

Confessions are to be regarded with great caution and this court has frequently condemned alleged confessions, where, under all the circumstances, it was probable that they were induced by fear, threats, or violence, and it is respectfully submitted that all the circumstances surrounding the confession alleged to have been made indicate that if made at all it was through fear, threats, or violence. (*Jones v. State,* 58 Miss. 349; *Whitley v. State,* 78 Miss. 255; *McMasters v. State,* 82 Miss. 459; *Reason v. State,* 94 Miss. 290; *Johnson v. State,* 107 Miss. 196.)

All the alleged evidence in this case was obtained upon the premises of appellant by officers who were not provided with the necessary search warrant for such search and seizure, and should have been excluded from

the jury. (Cons. State of Mississippi, 1890, sections 23 and 26; Article 4, Amending Constitution of United State; *Gould* v. *U. S.*, 225 U. S. Rep. 298; *Amos* v. *U. S.* 225 U. S. Rep. 313; *Wyoming* v. *Theodore Peterson and Chas. Romano*, 194 Pac. 13, A. L. R. 1284; *Youman v. Commonwealth of Ky.*, 224 S. W. 860; *Livelar* v. *State*, 53 So. 681; *State v. Marshall*, 100 Miss. 626; *U. S. F. & G. Co.* v. *State*, 121 Miss. 369; *Banfill* v. *Byrd, et al.*, 122 Miss. 288; *City of Hattiesburg* v. *Beverly*, 123 Miss. 759; *Powers* v. *State*, 86 So. 862; *Reed* v. *State* (Ala), 90 So. 37, and cases therein cited.) Upon the trial of the cause, and while the appellant, Moody Williams, was testifying on the stand as a witness in his own behalf, the sheriff, E. S. Nichols, within the hearing of the court and jury, broke into and interrupted the testimony by exclaiming to the witness, "Look out, nigger!" Such demonstration by the sheriff, and armed officer of the court was improper and warranted the court in withdrawing the case from the jury. Such expression, besides terrifying to the witness, was calculated to prejudice his case before the jury, the witness denying the alleged confession testified to by sheriff. (*Cavanah* v. *State*, 54 Miss. 299; *Evans* v. *State*, 54 So. 154; *Collins* v. *State*, 56 So. 666.)

*Wm. Hemingway*, assistant attorney-general, for the state.

The requirements as to the *corpus delicti* seems to have been fully met, the liquor which the defendant told the sheriff he had made from the still, and the still, were all located. It was not necessary to search the premises or to locate the still after the confession that the defendant had manufactured the liquor in the two-gallon jug.

As to whether duress or force of any kind was used in procuring the confession, the facts were submitted to the jury, the assertion by the negro that he was mistreated, and the denial by Mr. Campbell. Mr. Campbell was introduced as a witness for the defendant. He testified

that the negro was drunk when arrested and that his confession was free and voluntary. A drunken person is guilty of a misdemeanor and may be arrested by any conservator of the peace who sees him drunk in a public place, as in this case, which was on the street in the town of Hernando.

The exclamation of the sheriff, "look out, nigger," seems to have been an impulsive statement warning the negro not to make a misstatement. He had not said that he had made the confession to Mr. Nichols and his continuation of his testimony showed that he meant Mr. Campbell, and that Nichols was not present at the alleged assault in the jail.

It is submitted that the evidence in this case was not procured by an unlawful search. The evidence of the manufacturer of the whiskey was procured before they went upon the premises. The exclamation of the sheriff would have no more effect upon the jury than did his testimony. The evidence shows the manufacture of the liquor and the possession of the still, which is confessed to by the defendant. All these matters are on conflicting evidence, upon which the jury has passed.

It is respectfully submitted that no error has been committed which would lead the court to disregard the verdict of the jury.

ANDERSON, J., delivered the opinion of the court.

Appellant, Moody Williams, was indicted and convicted in the circuit court of De Soto county of the crime of manufacturing intoxicating liquors, and sentenced to the penitentiary for a term of two years, from which he prosecutes this appeal.

Appellant was arrested at night without a warrant, and placed in jail at Hernando, the county site of De Soto county, where he remained until the next morning. On the next morning, which was Sunday, either before or about daylight, the appellant was taken out of jail

while handcuffed, and placed in an automobile and carried to his home, about seven miles south of Hernando, by the sheriff and four other officers, who were armed. On reaching his premises he pointed out to the officers parts of what appeared to be a still, on which appellant confessed he had manufactured two gallons of whisky, which had been found the day before in Hernando in the possession of one Greer. The search of appellant's premises was. made without a search warrant, and the evidence shows, under such circumstances as that it cannot be said that he consented to such search. The *corpus delicti* of which appellant was indicted and convicted consisted of the act of manufacturing intoxicating liquors. The only evidence of the *corpus delicti* in this case *aliunde* the confession of the appellant consisted of the evidence of the officers as to finding the still on appellant's premises, which, as stated above, was the result of the search of his premises without a warrant. It is contended on behalf of appellant that the evidence in the case is insufficient under the law to sustain the verdict.

This court has held many times, and the rule is probably universal in the United States, that the body of the crime charged against a defendant cannot be proven alone by his own confession of guilt. *Sam* v. *State,* 33 Miss. 347; *Stanley* v. *State,* 82 Miss. 498, 34 So. 360; *Murray* v. *State,* 104 Miss. 296, 61 So. 315; *Barron* v. *State,* 111 Miss. 231, 71 So. 374; *Rayborn* v. *State,* 115 Miss. 730, 76 So. 639; *Patterson* v. *State* (Miss.), 90 So. 2. This principle grew out of the fact that a considerable number of persons, if permitted, for one cause or another will confess guilt of imaginary and not real crimes.

The only evidence in this case corroborating the confession of the appellant as to the body of the crime is the fact that there was found on appellant's premises parts of a still by means of which he stated he manufactured whiskey which had been found in the possession of one Greer in Hernando the day before. The facts

with reference to the finding of the still were testified to alone by the officers who made the search of appellant's premises without a search warrant. Appellant objected to this evidence because it had been acquired in violation of section 23 of our Constitution, and therefore under section 26 of our Constitution it could not be used against him, because so to use it would amount to forcing appellant to give evidence against himself.

In *Tucker* v. *State* (Miss.), 90 So. 845, it was held that where a defendant was charged with the unlawful making of intoxicating liquors, the officers making the search of his home and premises without a search warrant, whose testimony was based alone on what they saw in his home and on his premises in making such search, such evidence of the officers could not be used against the defendant, because a conviction on such testimony violated section 23 of our Constitution, guaranteeing the people against unreasonable searches and seizures, and that clause of section 26 of our Constitution guaranteeing a defendant in a criminal case against self-incrimination. It was held in the Tucker Case that there was no difference in principle in forcing a defendant to speak against himself by word of mouth and in forcing by an unlawful search the secret things of his home to give evidence against him; that in either case his constitutional guaranty against self-incrimination would be violated.

Stripped of this corroborating evidence thus obtained, appellant's conviction stands alone on his own confession, and it follows that the court below should have excluded the state's evidence and directed a verdict of not guilty.

Reversed, and judgment here discharging the defendant.

*Reversed.*