TAYLOR v. STATE.

[93 South. 355. No. 22590.]

CRIMINAL LAW. *Evidence obtained by unlawful search of accused's private property inadmissible.*

In a prosecution for unlawfully possessing intoxicating liquor, evidence obtained by means of an illegal search of the defendant's private property is inadmissible.

Appeal from circuit court of Tate county.

Hon. Greek L. Rice, Judge.

Herman Taylor was convicted of unlawfully having in his possession intoxicating liquor, and he appeals. Reversed and appellant discharged.

*E. D. Dinkins,* for appellant.

As to the fourth assignment the case of *Tucker* v. *State,* 90 So. 845 decided since my original brief was filed, should be decisive of the question of the unlawful search, but I desire to invite careful scrutiny of the testimony of the sheriff and constable, of Jake Alexander and the appellant which clearly shows that the three young men were arrested and their buggy searched without a warrant, and at a time when they were not engaged in the commission of a crime, nor were there any circumstances to justify the action of the officers. There was a plain effort to present circumstances to justify the arrests but it wholly failed. They were arrested and searched at a time when they were going quietly along the road, and the sheriff makes it clear that he was not in the habit of taking time to arm himself with a warrant, but in a high and mighty way took them first into the custody and then searched their person and the vehicle.

*C. E. Dorroh,* assistant attorney-general, for the state.

In taking up the fourth assignment of error, which deals with the arrest and search of the buggy in which the appellant was riding, I desire to invite the court's attention to two recent decisions on this question, which are as follows: *Tucker* v. *State,* 90 So. 845; *Faulk* v. *State,* 90 So. 481.

In the light of these two decisions I submit this question to the wise discretion of the court. It is very evident that no search warrant was used; however, the appellant did not resist the search or object to the officers searching the buggy. His silence in the matter would probably mean the giving of his consent.

Cook, J., delivered the opinion of the court.

The appellant was convicted in the circuit court of Tate county of unlawfully having in his possession intoxicating liquor, and from the judgment sentencing him to pay a fine and costs he prosecutes this appeal.

The entire evidence upon which this conviction is based was secured as a result of a search of appellant's buggy by the sheriff and his deputies, and the seizure of certain alleged intoxicating liquor found in the buggy. At the time the search and seizure was made the appellant was under arrest, and the search was made without a search warrant, and without the consent of appellant. The evidence obtained as a result of this illegal search and seizure was inadmissible. *Tucker* v. *State* (Miss.), 90 So. 845; *Williams* v. *State* (Miss.), 92 So. 584; *Will Butler* v. *State* (Miss.), 93 So. 3.

For the error of the court below in overruling defendant's motion to exclude the evidence offered on behalf of the state, and to direct a verdict of not guilty, this cause is reversed, and judgment entered here discharging the appellant.

*Reversed, and appellant discharged.*