SMITH *v.* STATE.

(Division A.   Dec. 17, 1923.)

[98 South.  344.  No. 23381.]

1. SEARCHES AND SEIZURES. *Requirement of search warrant held not waived.*

Where deputy sheriff, after having entered upon a search of a residence for intoxicating liquor without a search warrant, stated to occupant that he believed he smelled some whisky and that he was going to hunt for it, the occupant did not waive the requirement of a search warrant, under Constitution 1890, section 23, by telling the officer, "all right, you are welcome to find it if you can."

2. INTOXICATING LIQUORS. *Rule as to waiver of requirement of search warrant stated.*

An occupant is not required to expressly protest and object to the search of her premises without a search warrant, and will not be deemed to have waived the requirement of a warrant unless it clearly appears that she voluntarily permitted or expressly invited and agreed to the search, being cognizant of her rights in the premises.

3. CRIMINAL LAW. *Evidence obtained by means of search without warrant inadmissible.*

In liquor prosecution evidence obtained by means of a search of defendant's premises without a warrant required by Constitution 1890, section 23, is not admissible.

APPEAL from circuit court, of Rankin county.

HON. G. E. WILSON, Judge.

Bertha Smith was convicted of having intoxicating liquor in her possession, and she appeals. Reversed and remanded.

*W. E. McIntyre,* for appellant.

The witness, Jordan Lindsey, testified over the objections of the appellant, and his testimony was not excluded on motion of the appellant, defendant below, all of which was error. Jordan Lindsey was a deputy sheriff and he went to the home of this appellant without a search warrant and made the search.

The supreme court of Mississippi has so consistently held this error until we do not deem it necessary to cite authorities. To permit this verdict to stand would be to overrule the following cases in which it has been held to be error to permit the testimony of officers obtained by search and seizure, without a search warrant, to be introduced as evidence of guilt, viz: *Tucker* v. *State,* 128 Miss. 211, 90 So. 845.; *Faulk* v. *State,* 127 Miss. 894, 90 So. 481; *Williams* v. *State* (Miss.), 92 So. 584; *Miller* v. *State,* (Miss.), 92 So. 2; *Butler* v. *State* (Miss.), 93 So. 3; *Baskin* v. *State* (Miss.), 92 So. 556; and *Taylor* v. *State* (Miss.), 93 So. 355.

The only testimony offered on the part of the state was that of Jordan Lindsey, a deputy sheriff, to which testimony due and timely objections were made.

This witness testified that he went to the home of the appellant, and that after searching her premises without having first obtained a search warrant, he found a very small quantity of liquid in a cupboard; that the same was in a glass; that upon picking the glass up, it fell and was

broken and the contents spilled; that he never tasted the liquid; that only by smelling of it did he determine that it was "intoxicating liquor;" that several other persons were in and around this house, and that some other family lived in the house, other than the appellant. The witness further testified that he has never tasted white lightning in his life. The appellant testified in her own behalf that she knew nothing of this being liquor, and that it was not her liquor, if such it was.

The witness, Lindsey, evidenced every method in the power of himself to lay the blame for this liquid on this woman, and although he had never tasted any moonshine whisky went so far as to testify on direct examination that it was "intoxicating liquor," but on cross-examination he was not so strong. Also on direct examination he would lead the jury to believe that it was the property of the defendant, appellant here, but on cross-examination, he said that he could not say to whom it belonged. We think the testimony wholly insufficient to sustain a conviction, especially since the defendant took the stand and denied any knowledge of it being there, and that it was never in her possession.

We, therefore, submit to this court, first, that it was error to permit the witness, Lindsey, to testify about evidence gained by him through an unlawful search of the premises of the defendant; second, that the testimony fails to show that the liquid was intoxicating liquor.

*S. C. Broom,* Assistant Attorney-General for the state.

There are only two questions involved in this case that are entitled to any consideration. It is admitted that the officer had no search warrant to make the search and it is contended by the appellant that under the rule laid down in *Tucker* v. *State,* 128 Miss. 211; *Faulk* v. *State,* 127 Miss. 894; *Williams* v. *State,* 92 So. 584; *Miller* v. *State,* 93 So. 2; *Butler* v. *State,* 93 So. 3; *Baskin* v. *State,*

92 So. 556; and *Taylor* v. *State,* 93 So. 355, that the evidence thus obtained was inadmissible and should not have been submitted to the jury.

We are, of course, familiar with the rule laid down in the cases above cited. But it will be observed that in this case the defendant expressly waived any right that she might have in the premises, and invited the search. In the testimony of Bertha Smith we find that she does not deny the statement on the part of the state's witness. We find that his statement with reference to his invitation to search the premises is uncontradicted, therefore it must be true that she invited him to search the premises. This being true, it brings the case clearly within the rule as laid down in *Baskin* v. *State,* 92 So. 556, where the court held in substance: "Where a search in which distilling apparatus was discovered was not only consented to but expressly invited by defendant, no search warrant being required."

Inasmuch as there is absolutely no conflict in the testimony on this proposition, we confidently submit that there is no merit in the contention that this evidence was inadmissible, because there was no search warrant.

' The next proposition to be considered is, Was the evidence sufficient to warrant a conviction? The evidence discloses that the officer went to the safe in the corner of the room and found a small tumbler about two-thirds full of white lightning. This was in the safe in the kitchen at her home, and she was present, and by his side when he found it, and he said: "Bertha, what is this?", and she said "It is liquor," and he said: "Where did you get that?", and she smiled and said, "I reckon I better not tell you."

It will be observed that in the testimony of the defendant she does not deny this. She did testify that she had no recollection of having smiled and said, "I reckon I better not tell you."

This was the evidence submitted to the jury and they believed it; they were convinced beyond every reasonable doubt that the defendant knowingly had in her possession intoxicating liquor, and accordingly found her guilty as charged.

We therefore submit that under the rule as laid' down in *Baskin* v. *State,* supra, that there was no error in law in permitting the state's witness to testify as to liquor found without a search warrant when the search was invited, and that the evidence, if believed, was amply sufficient to warrant the verdict returned by the jury.

HOLDEN, J., delivered the opinion of the court.

Bertha Smith appeals from a conviction of having intoxicating liquor in her possession.

The record shows a case of this kind. A deputy sheriff, in search of intoxicating liquors, entered the residence of appellant at Brandon, and, without having a search warrant, proceeded to investigate and search the premises for intoxicating liquor. After the officer began his quest for liquor he said to appellant that he "believed he smelled some whisky in there and that he was going to hunt for it;" whereupon appellant said to him, "All right, you are welcome to find it if you can." The officer then proceeded further to search the room, and finally found a goblet about two-thirds full of liquor which he claimed was intoxicating liquor. In his effort to satisfy himself that it was intoxicating liquor he dropped the goblet upon the floor and broke it. At the trial he swore he knew the liquor was intoxicating because it smelled like intoxicating liquor.

The appellant introduced testimony to show the liquor was not in her possession nor under her control, but was liquor belonging to some other person occupying the same building.

At the trial the appellant duly objected to the admission of the testimony of the officer with reference to the

liquor, on the ground that this testimony was illegally obtained without a search warrant. The testimony was submitted to the jury upon the theory, we suppose, that the appellant consented to and invited the search by the officer, and therefore the search warrant was not necessary, or was waived by the appellant.

Three grounds for reversal are urged by the appellant: First, the testimony of the officer making the search and seizure without a search warrant was inadmissible; second, the proof of the state fails to show the liquor was intoxicating; and, third, the proof is insufficient to establish the fact that that the liquor seized was in the possession or control of the appellant.

We shall pass upon but one point, and that is whether or not the search made by the officer without a search warrant was such as to make his testimony inadmissible, involving section 23, Constitution 1890; a decision of this question will end the case.

The appellant contends the search was unlawful, and the testimony of the officer was inadmissible under the rule announced by this court in *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, and the cases of *Faulk* v. *State,* 127 Miss. 894, 90 So. 481; *Williams* v. *State,* 129 Miss. 469, 92 So. 584; *Miller* v. *State,* 129 Miss. 774, 93 So. 2; *Butler* v. *State,* 129 Miss. 778, 93 So. 3; and *Taylor* v. *State,* 129 Miss. 815, 93 So. 355—all being decisions rendered by this court since the *Tucker case, supra.*

The state urges that the above cases are not in point, because the case at bar comes within the rule of *Baskin* v. *State* (Miss.), 92 So. 556, wherein it was held the requirement of a search warrant was waived and the testimony secured under the circumstances there was admissible because the owner of the premises "consented to the search and expressly invited it." Now it is contended by the state in the case before us that the appellant waived the requirement of the search warrant by consenting to and inviting the search.

We have carefully examined the proof bearing upon this question, and we are convinced the case before us does not come within the rule announced in the *Baskin case, supra,* but falls within the rule of the *Tucker case, supra.*

In the instant case the officer had entered the house in search of liquors and was then already proceeding to make the search without a search warrant, and while thus engaged he said to the appellant that he smelled whisky and was going to hunt for it in the house. He had in fact made the invasion and commenced the search when he made this statement to the appellant, and in reply the appellant merely said, "All right, you are wel-come to find it if you can." He did not ask permission to make the search.

We do not think what the appellant said to the officer constituted a waiver of her legal rights in the premises. There was no express invitation or freely granted per-mission on the part of the appellant. The officer had already invaded the premises and was beginning the search. Under such circumstances where an officer is in the process of illegally searching a house in which he states he smells whisky and is going to find it, we do not think the owner waives her rights by a mere acquies-cence or failure to object to the search, as is true in this case.

It is our opinion under such circumstances the occu-pant, as a matter of legal right, stands objecting to any unlawful search of her premises; and in order to waive her rights it must clearly appear that she voluntarily permitted, or expressly invited and agreed to the search, being cognizant of her rights in the premises when the officer proposed to her, by asking her permission, to make the search without a warrant, 24 R. C. L., p. 723.

When an officer acting under the badge of legal au-thority is wrongfully searching the private premises of a person, such private person is not required to expressly

protest and object. The law recognizes that he is objecting to such unlawful search, and his objection continues unless he expressly and voluntarily agrees otherwise after permission is asked and before the search is undertaken. The officer of the law is supposed to know that the private citizen is always silently objecting to an unlawful invasion of his premises. Therefore permission to search without a warrant must be first obtained; otherwise the search is illegal and the evidence secured thereby is inadmissible at the trial.

The wisdom and purpose of the law to destroy one of the greatest curses to the human race is not questioned, but the sacred safeguards of the Constitution must be preserved unto the citizen, the sovereign in the government. The right of personal security against illegal search and seizure, against unlawful invasion of the home, is vouchsafed to the lowly occupant of the hovel; it is for the protection of the intelligent and the ignorant, the cultured and the coarse.

. The judgment of the lower court is reversed and cause remanded.

*Reversed and remanded.*

Smith, C. J. (specially concurring).

I concur in holding the evidence inadmissible, but solely on the authority of *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377, which case I think was erroneously decided and should be overruled for the reasons set forth by me in a dissenting opinion in *Owens* v. *State,* 98 So. —, this day decided.