FLOYD *v.* STATE.*

(Division B. April 6, 1925.)

[103 So. 368.   No. 24928.]

CRIMINAL LAW.   *Corpus delicti cannot be proved alone by confession of accused.*

In a criminal case, the *corpus delicti* cannot be proved alone by the confession of the defendant; there must be corroborating evidence.

*Headnote 1. Criminal Law, 16 C. J., Section 1579; On the general rule of proof of *corpus delicti* in criminal case, see note in 68 L. R. A. 33, et seq.

APPEAL from circuit court of ·Warren county.
HON. E. L. BRIEN, Judge.

D. C. Floyd was convicted of robbery, and he appeals. Reversed and remanded.

*T. G. Ewing, Jr.,* and *A. A. Chaney,* for appellant.

The officers obtained what they called a confession from the negro, at a time when, he says, and there is no contradiction, he was in a drunken condition, and this confession and statements in the city court constitute the evidence on which appellant was convicted in the circuit court.

The alleged extrajudicial confession, admission or whatever it may be called, aside from the fact that it fails to prove the *corpus delicti,* is not competent because it was not properly proven. There is no denial that he was in a drunken condition at the time he is alleged to have made the statements to the officers, if indeed he ever made the statements attributed to him, which we seriously doubt. The court will further observe that he was not apprised of his legal rights when he made the statements in the city court; that he was not advised that he did not have to make any statement at all, and was not advised that such statement as he might make would be used against him.

There will not be found in this record one scintilla of testimony proving the *corpus deliciti.* This honorable court has passed on this question so repeatedly it would appear that there would never again be occasion for a trial court to make the mistake of holding that the *corpus delicti* can be proven by an alleged confession in a justice or preliminary trial court without some corroborating facts. *Rayborn* v. *State,* 76 So. 639, 115 Miss. 730; *Murry* v. *State,* 61 So. 315; *Barron* v. *State,* 71 So. 374; Sections 35 and 36, Underhill's Criminal Evidence (3 Ed.), 33.

*J. L. Byrd,* Assistant Attorney-General, for the State.

The only contention seriously made is that the *corpus delicti* was not proven except by the confession of the

defendant, and because of the familiar rule that the *corpus delicti* cannot be established by the confession of the accused alone that the defendant should have had a peremptory instruction.

After a careful reading of this record, we cannot agree with learned counsel for the appellant that there is no corroboration of his confession. We understand the rule to be that the crime must be shown to have been committed by some evidence other than the defendant's confession, but here we have other evidence as to the crime having been committed, because the witness Stoney says and testified in the lower court that he had been robbed. See *Spears* v. *State*, 92 Miss., 613.

Here was the complaining witness, Stoney, identifying the goods and producing the broken end of a chain which fitted and matched the end of the chain found on the watch in the possession of the defendant, and he swore positively that he had been robbed. Now that meets the test laid down in the case just quoted. In other words, the fact that the robbery had been committed was shown by other evidence, then the state introduces the confession of the defendant, which, we submit, makes out a perfect case.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Warren county of the crime of robbery and sentenced to the penitentiary for ten years, from which judgment he prosecutes this appeal.

Appellant was charged and convicted of the robbery of two men whose names were given as Stoney and McCrary, who claimed to have been robbed of a watch, a purse, and about ten dollars in money. At the trial in the circuit court, they failed to appear as witnesses against appellant. They were circus people going from place to place. They could neither be served with process nor their whereabouts ascertained. There being no reasonable probability that their presence as witnesses could

be procured in the future, the court proceeded to trial without them. They, of course, were the most material witnesses in the case. The state was driven to necessity of relying alone on appellant's confession of guilt at the time of his arrest and at the time of his committing trial, and the testimony of the officers making the arrest as to the statements of Stoney and McCrary in the presence of appellant charging him with the crime, and identifying in appellant's presence as their property of which they had been robbed the watch, purse, and money which were found on the person of appellant when he was arrested, all of which appellant either expressly admitted or failed to deny.

It will be observed therefore that the evidence of appellant's guilt consisted alone of his confession and the statements of Stoney and McCrary in the presence of appellant, testified to by the officers making the arrest, that the crime had been committed. This evidence was hearsay pure and simple and was admissible because their statements were made in the presence of appellant and not denied by him. Such statements were only competent as evidence because made in the presence of appellant and not denied by him. Their tendency was to show a confession of their truth by appellant. In other words, the case is this, leaving out appellant's confession there is not a particle of evidence establishing the *corpus delicti,* except the statements of Stoney and McCrary, who claimed to have been robbed, testified to by the officers arresting appellant. Such statements, of course, proved nothing. The case stood therefore alone on the confession of appellant; that is what all the competent evidence amounted to, and nothing more. By that confession the state proved not only the *corpus delicti,* but appellant's criminal agency in the perpetration of the crime. Where there is no corroborating evidence whatever, this court has held time and again, and the rule is probably universal in this country, that the body of the crime charged against the defendant cannot be proved alone by his confession. There must be some cor-

roborating; evidence. *Sam* v. *State,* 33 Miss. 347; *Stanley* v. *State,* 82 Miss. 498, 34 So. 360; *Murray* v. *State,* 104 Miss. 296, 61 So. 315; *Barron* v. *State,* 111 Miss. 231, 71 So. 374; *Rayborn* v. *State,* 115 Miss. 730, 76 So. 639; *Patterson* v. *State,* 127 Miss. 256, 90 So. 2; *Williams* v. *State,* 129 Miss. 469, 92 So. 584. It was said in the Williams case that the principle of law which forbade that a defendant should be convicted where the *corpus delicti* was proved alone by his own evidence was founded upon the experience of the past that a considerable number of persons for one cause or another will confess guilt of imaginary and not real crimes.

*Reversed and remanded.*