SYKES *v.* STATE.

(Division B. June 9, 1930.)

[128 So. 753. No. 28552.]

Franklin, Easterling & Rosenthal, of Jackson, and **W. L. Sims**, of Columbus, for appellant.

Geo. T. Mitchell, Attorney-General and W. A. Shipman, Assistant Attorney-General, for the state.

Anderson, J., delivered the opinion of the court.

The appellant, Jim Sykes, was convicted in the circuit court of Lowndes county of the unlawful possession of intoxicating liquor, and sentenced to pay a fine of five hundred dollars, and to thirty days' imprisonment; from that judgment he prosecutes this appeal.

The proof of the corpus delicti was acquired by means of the search of a trunk found in the property room of the Gilmer Hotel in Columbus.

The appellant assigns and argues the following grounds for the reversal of the judgment: That the affidavit for the search warrant, and the search warrant issued there-

on, were illegal; that the issuance of the search warrant was not based on probable cause; that the evidence was insufficient to sustain the conviction; and that the judgment appealed from is void on its face, because it fails to set out the crime of which the appellant was convicted. The following is deemed a sufficient statement of the case to develop the questions for decision.

J. A. Morton, captain of police of the city of Columbus, made the affidavit for the search warrant before T. W. Harris, mayor of the city of Columbus, and ex officio justice of the peace of Lowndes county. The affidavit set out, in substance, that the affiant had reason to believe, and did believe, that intoxicating liquors were being manufactured, possessed, sold, or kept for sale, or given away, in violation of law, in the property room of the Gilmer Hotel on North Fourth street, and there kept in a trunk used by the appellant, in said city of Columbus, county of Lowndes. The affidavit prayed for the issuance of a search warrant to search the Gilmer Hotel property room and a certain trunk therein used by the appellant, Jim Sykes. The preamble to the search warrant followed literally the language of the affidavit. The command to the officer was in this language:

"Therefore we command you that with such aid as shall be needed, you do proceed in the day or night time, to enter by breaking if necessary to diligently search said property room of the Gilmer Hotel, and said trunk used by Jim Sykes, located on the ground floor of the Gilmer Hotel, on North Fourth street, said county and state."

"For said intoxicating liquors and such vessels and appliances as are used in connection therewith, making known to the said occupant thereof, if any your authority for so doing and if any such intoxicating liquors, vessels or appliances be found, that you seize same, and if practicable, bring them before me at my office on the 2nd day of August, 1929. And also arrest the said Jim Sykes, or such other party as may be in possession or control thereof, and have then and there this writ."

Appellant contends that the affidavit and search warrant were void because the place to be searched was not described with sufficient certainty, and for the further reason that they failed to recite that the trunk to be searched was in the possession of the appellant.

We are of opinion that neither of these contentions is well founded. "In the property room of the Gilmer Hotel, on the ground floor, on North Fourth street, kept in a certain trunk used by Jim Sykes," is, sufficiently definite, both as to the thing to be searched, and its possession. It is true that neither the word "possession," nor "possessed," is used in the affidavit or the search warrant. Instead, the word "used" is employed. It is inconceivable that a person could use a trunk and not have some sort of possession or control of it.

The contention that the search warrant was not based on probable cause is without merit, because, as between the state and a defendant, the judicial finding of the officer issuing a search warrant of the existence of probable cause, therefor, is conclusive, and cannot be inquired into, and evidence procured by the state in pursuance thereof, where otherwise competent and relevant, is admissible against the defendant. Mai v. State, 152 Miss. 225, 119 So. 177; Hendricks v. State, 144 Miss. 87, 109 So. 263; Loeb v. State, 133 Miss. 883, 98 So. 449.

The affidavit for the search warrant in this case, as well as the search warrant, met the requirements of the law. They were substantially regular in every respect. The evidence with reference to probable cause was, therefore, not admissible. That question was res adjudicata as between the state and the appellant.

The affidavit for the search warrant was dated July 1, 1929, while the search warrant itself was dated August 1, 1929, and was executed on August 2, 1929. The appellant contends that the search warrant was unauthorized, and was void because issued too long a time after the affidavit therefor was made. There is no merit in this contention, for the reason that the evidence shows,

without dispute, that the affidavit for the search warrant was erroneously dated July 1st; that, in fact, it was made on August 1st, and the search warrant was issued on the same day, and served on the next day. This was an amendable defect in the affidavit, and therefore did not affect the legality of the search warrant.

The appellant argues with a good deal of force that the evidence was insufficient to sustain the conviction. The charge was brought before Mr. Harris, mayor of the city of Columbus, and ex officio justice of the peace. The appellant was arrested and taken before Harris, as ex officio justice of the peace; pleaded guilty; and was fined five hundred dollars and sentenced to serve thirty days in jail. From that judgment he appealed to the circuit court, where he was tried de novo, convicted, and the same sentence imposed as in the justice of the peace court. On the trial in the circuit court, the principal evidence against the appellant was his plea of guilty in the justice of the peace court, in connection with proof of the corpus delicti by other evidence than such plea. Putting it in different words, on the trial in the circuit court the corpus delicti was proven by the officers making the search. They testified that they found the intoxicating liquor in a trunk in the property room of the Gilmer Hotel. The liquor so found was the corpus delicti. In addition, it was proven that the appellant pleaded guilty to the charge before the justice of the peace, and there was no evidence that his plea of guilty was brought about by duress. The corpus delicti must be proven by evidence aliunde the appellant's confession. Butler v. State, 129 Miss. 778, 93 So. 3; Williams v. State, 129 Miss. 469, 92 So. 584; Miller v. State, 129 Miss. 774, 93 So. 2; Rayborn v. State, 115 Miss. 730, 76 So. 639; Garner v. State, 132 Miss. 815, 96 So. 743; Floyd v. State, 138 Miss. 697, 103 So. 368. But when that is done, the defendant's plea of guilty on a former trial is admissible in evidence against him as a confession of guilt, provided, of course,

such plea was not brought about by duress. 16 C. J. secs. 1251 to 1254, inclusive, pp. 630, 631.

The appellant testified as .a witness in his own behalf, and, in explanation of his plea of guilty in the justice of the peace court, stated that he was told that the trunk in which the intoxicating liquor was found was his, and he was led to believe that he was only to pay a fine, and, to keep down publicity for the hotel, he pleaded guilty. We do not think this constituted duress. Furthermore, there was other evidence, which, although rather slight, tended to corroborate the appellant's confession of guilt. He was present when the search was made and the liquor found. His conduct at that time was of such a character as to constitute some evidence of guilt. We are of opinion that the appellant's guilt was a question for the jury, and not for the court.

Appellant contends that the judgment is void on its face, because it fails to set out the crime of which the appellant was convicted. The judgment set out the verdict of the jury in this language: "We, the jury, find the defendant guilty as charged." The record shows that the appellant was charged with the unlawful possession of intoxicating liquor. The charge is regular in form. There could be no misunderstanding as to the crime with which the appellant was charged, and of which he was convicted. We think the judgment is valid.

Affirmed.