## LEWIS HEARD v. THE STATE.

59  545
75  585
75  606

1. CONFESSIONS.   *Corpus delicti.   Evidence.*

   While confessions will not sustain a conviction of grand larceny without proof of the *corpus delicti*, slight corroborative proof, which satisfies the mind that the crime is real, as for instance that, when arrested, the accused failed to deny the owner's claim, but threw away the missing pocket-book, and its contents were found where he said he put them, is sufficient.

2. SAME.   *Objection to evidence.   Reserving point for review.*

   Objection to parol proof in the Circuit Court of the confession as made before the magistrate, because the law requires its reduction to writing, must be specific in order that it may be obviated, and if general the appellate court will not notice it.

3. SAME.   *Admission of witness.   Hearsay.*

   Evidence that the owner of the pocket-book said that he induced the confession by promising the accused that, if he made it, he should not be prosecuted, is in such case inadmissible.

APPEAL from the Circuit Court of Carroll County.

Hon. C. H. CAMPBELL, Judge.

*Helm & Somerville*, for the appellant.

The confession was inadmissible because the *corpus delicti* was not proved and because the writing required by law was not produced. *Stringfellow* v. *State*, 26 Miss. 157; *Pitts* v. *State*, 43 Miss. 472; *Jenkins* v. *State*, 41 Miss. 582; *State* v. *Laliyer*, 4 Minn. 368; *Peter* v. *State*, 4 S. & M. 31; *Wright* v. *State*, 50 Miss. 332. Evidence of Nash's admission was in his absence competent as *res gestæ* of the confession.

*T. C. Catchings*, Attorney General, for the State.

Objection to non-production of the writing comes too late. The ground in the lower court was failure to prove the *corpus delicti*. This is not sustained by the record. The evidence of Nash's admission was hearsay, and properly excluded.

CHALMERS, J., delivered the opinion of the court.

The appellant was convicted, principally on his own confessions of grand larceny in stealing the money of one Nash. Nash, who we presume was dead or beyond the jurisdiction, was not produced as a witness, and it is insisted that there is no proof

of the *corpus delicti*, except by the confessions of the accused, which according to the authority of *Jenkins* v. *State*, 41 Miss. 582, and other cases, are insufficient of themselves to sustain a conviction.    Where there has been a confession by the accused, much slighter proof is required to establish the *corpus delicti* than would be necessary where the State must make out the entire case, unaided by a confession.  Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed, and the fact that he was the guilty party may be found by the jury, on proof much slighter than that ordinarily essential.  *People* v. *Badgley*, 16 Wend. 53.    It is shown here that Nash was seeking a lost pocket-book, that suspicion pointing to the accused, he was arrested, and just as the arrest took place he was observed to throw away a pocket-book which was immediately identified in his presence by Nash as his lost property, and Nash's assertion to that effect was not denied by the accused.  Some papers which had been in the pocket-book were found in the place where the accused said that he had thrown them.    These facts, established by testimony *dehors* the confession, were sufficient proof of the *corpus delicti* to warrant conviction on the full and explicit confession subsequently made before the magistrate after the accused had by the magistrate been advised to say nothing.

The objection urged in this court that parol proof was made of a confession which the law requires to be reduced to writing cannot be heard because not made in the court below.    The bill of exceptions recites that " objections were made to the introduction of the confessions of the accused made before the magistrate."    This is manifestly an objection, not to the method of proving the confessions, but to any proof whatever in relation to them ; and is evidently based, as we gather from the record, on the fact of the supposed insufficiency of the proof of the *corpus delicti*, and to alleged inducements held out by Nash to procure the making of the confessions.    Had the objection been that it was proposed to prove the confessions by parol without precedent proof of the loss of the written statement which the law requires, the objection could have been obviated by showing the loss or destruction of the writing.

When an objection is made to evidence which in its nature is such as may be obviated, it must be specific, so as to allow the party offering an opportunity to supply its place if the objection is sustained, and where this is not done it will not be noticed in the appellate court. *Wesling* v. *Noonan*, 31 Miss. 599; *Morris* v. *Henderson*, 37 Miss. 492.

There was no error in excluding evidence that Nash had been heard to say that he had induced the confession of the accused by promising that he should not be prosecuted if he would make it. This was purely hearsay and inadmissible.

*Judgment affirmed.*