## WALKER v. STATE.

[89 South. 921, In Banc. No. 21924.]

CRIMINAL LAW. *Confessions may be considered to establish corpus delicti.*
On the trial of a criminal case, a confession by the accused may be considered together with other evidence to establish the *corpus delicti,* provided such other evidence is of such character as will satisfy the mind that it is a real and not an imaginary crime which the accused has confessed.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Herschel Walker was convicted of violating the prohibition law, and he appeals. Reversed, and defendant discharged.

*J. P. Edwards* and *A. W. McRaney,* for appellant.

We submit that no one can be convicted of crime on the uncorroborated confessions of himself alone, and in support of this we beg leave to cite the following authority: *Jinkins* v. *State,* 54 So. 158; *Pitts* v. *State,* 43 Miss. 472; *Stanley* v. *State,* 34 So. 360; *Bolden* v. *State,* 54 So. 241.

In each and all of the authorities above cited this court has held that the *corpus delicti* cannot be proven by the confessions of the accused person. It is perfectly manifest that this conviction was for the making of the whisky a few days before Christmas, and as to this act of making whiskey there is no evidence in the record except the bare confession of the appellant.

*D. C. Enochs,* assistant attorney-general, for the state.

Coming now to the other contention of appellant that this cause should be reversed because the state failed to show that the crime of making and distilling intoxicating liquors had been committed, wherefore the confession of the appellant was inadmissible as evidence of his guilt, concede that it is familiar learning that the prosecution has the burden of proving that a crime has been committed

before the jury proceeded to inquire as to who committed it.  16 C. J. 529.  This proof, that a crime has been committed, is what is known in law as the *corpus delicti.* And this court. has a great many times held that a confession of guilt by the accused is inadmissible in evidence against him without proof of the *corpus delicti.*  In other words, no one can be convicted of crime on his confession alone. But proof of the *corpus delicti* that a crime has been committed  .  .  .  must be made by evidence independent of the conviction and beyond a reasonable doubt.

Now, coming to the case at bar, the evidence shows that appellant had in his possession everything necessary for the making and distilling of intoxicating liquor, except the trough.  It is true, the witnesses for the state said the barrel of mash was level full, which would indicate that none of the mash had as yet been used.  The witnesses for the state also testified that the lard can was bright and new and had never been used for the making or distilling of intoxicating liquor.  And the evidence in reference to the bucket of mud does not show that any of the mud in the bucket had as yet been used for any purpose.  But the worm or coil that was found in the possession of appellant behind his wardrobe, the evidence shows, had been used and had the smell of moonshine whiskey.  This evidence of the prior use and smell of the worm or coil is undis-puted.  If the fact that a man is found possessed of the implements and mash necessary for the making of intoxicating liquor, and the fact that one of the implements or parts of the still has been previously used to make intoxicating liquors, is not sufficient proof for a jury to say that intoxicating liquor had been made or distilled, then, this conviction cannot stand.

I am familiar with the case of *Stanberry* v. *State,* 53 So. 783, which was a case where the appellant had been convicted of having intoxicating liquors in his possession with the intention of selling same.  The only proof in the case was the fact that he was found in possession of a large quantity of intoxicating liquor and the records of the ex-

press company showed that he had received frequent ship-
ments of whisky in four gallon packages for some time
previous to his arrest. This evidence was held insufficient,
this court saying: "This is all the evidence in the case.
All of this evidence is consistent with the innocence of
appellant, for he may have obtained the liquor for any one
of a number of purposes. There is nothing in the evidence ·
from which the jury were warranted in saying what dis-
position appellant intended to make of the whiskey."

At the time the above case was decided it was lawful
to have intoxicating liquor in one's possession for some
purpose, and, of course, to convict a person of having in-
toxicating liquors in his possession for sale in violation of
law, the intent of the person having them in his possession,
to sell the same, had to be shown by competent evidence.
But that case cannot now control the case at bar because
moonshine whiskey cannot be legally made or distilled in
Mississippi for any purpose. Consequently, if the state
has shown by the evidence in this case that moonshine
whiskey has been made in Simpson county the *corpus de-
licti* of the crime with which appellant is charged has been
proven, and all that then remains is for the jury to ascer-
tain who committed the crime, and appellant has confessed
that he committed it.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted of the unlawful making
and distilling of intoxicating liquor and appeals to this
court. The evidence for the state is in substance that a
sheriff raided the appellant's premises and found there a
still which smelt as if it had come in contact with alcohol,
and a barrel of mash, the quality of which does not appear,
and that the appellant admitted to the sheriff that he had
made two quarts of liquor at another place several days
before.

At the close of the evidence, a request by the appellant
to exclude the evidence and to grant him a peremptory in-

struction was refused. This ruling of the court is assigned for error, the ground of the assignment being that the *corpus delicti* was not proven by evidence other than the confession.

A confession may be considered, together with other evidence, to establish the *corpus delicti,* that is, the fact that a crime has been committed, but the evidence *aliunde* the confession must be of such character as will satisfy "the mind that it is a real and not an imaginary crime which the accused has confessed." *Haerd* v. *State,* 59 Miss. 545; 2 Wharton's Criminal Evidence (10th Ed.), 1316. In the case at bar the evidence *aliunde* the confession not only fails to satisfy the mind that a crime had been committed, but on the contrary negatives that such was the case, for it is simply to the effect that some one was preparing to make, but had not made, intoxicating liquor. One of the witnesses who accompanied the sheriff on the raid sized up the situation with technical accuracy when he said, referring to the appellant:

"He had made some mash up fixing to make a run. We were just a little too early; we did not catch him in the act."

Moreover, the crime confessed was the making of intoxicating liquor at a time and place other than that when and where the still and mash were found in the appellant's possession. Consequently, there is no evidence *aliunde* the confession of the commission of the crime confessed.

The judgment of the court below will be reversed and the appellant discharged.

*Reversed, and appellant discharged.*