## PATTERSON *v.* STATE.

[90 South. 2. No. 21927.]

1. CRIMINAL LAW. *Where indictment informs of nature of accusation, an objection to omission of "feloniously" cannot be first raised in supreme court.*

   Under section 1426, Code 1906 (section 1182, Hemingway's Code), the sufficiency of an indictment for a statutory felony, couched in the language of the statute, from which the word "feloniously" is omitted, cannot be raised in the supreme court for the first time if by the language of the indictment the accused is informed of the nature and cause of the accusation against him.

2. CRIMINAL LAW. *Confession may be considered with other evidence to establish corpus delicti.*

   On the trial of a criminal case a confession by the accused may be considered together with other evidence to establish the *corpus delicti,* provided such other evidence is of such character as will satisfy the mind that it is a real and not an imaginary, crime which the accused has confessed.

APPEAL from circuit court of Simpson county.

HON. W. H. HUGHES, Judge.

Hulon Patterson was convicted of unlawful making and distilling intoxicating liquors, and he appeals. Affirmed.

*A. W. Dent,* for appellant.

The appellant was indicted, tried and convicted and sentenced under section 18, chapter 189, Laws 1918, which provided in part, that any person . . . who shall make or distill . . . intoxicating liquor shall be guilty of a felony, and upon conviction shall be punished, etc. The indictment charges that "Hulon Patterson did then and there unlawfully make and distill intoxicating liquor," etc. Objection was not made to the indictment in the court below by demurrer or motion to quash, because the indictment was good . as charging a misdemeanor. We object now because the sentence was for a felony. The motion for a new trial should have been sustained.

In every indictment for a felony the use of the word "feloniously" is essential. *Hays* v. *State,* 57 Miss. 783; *Nile* v. *State,* 60 Miss. 260; *Dedeaux* v. *State,* 87 So. 664.

We respectfully submit that this case should be reversed and the defendant discharged.

*H. Cassidy Holden,* special assistant attorney-general, for the state.

It is contended that the indictment against the defendant failed to use the word, "feloniously," the manufacturing and distilling of intoxicating liquor being a felony by virtue of section 18, chapter 189, Laws of 1918. The appellant explains that no objection was made to the indictment in the court below because it was sufficient as for a misdemeanor, but the punishment being as for a felony, the objection is now made. But the manufacturing and distilling of intoxicating liquor is not a misdemeanor; it is a felony denounced expressly as such by the statute just cited. A crime cannot be a misdemeanor and a felony at the same time. The absurdity of such an idea is readily apparent. When the defendant was indicted for manufacturing and distilling intoxicating liquor, he is bound to have known that he was being indicted for a felony. Any objection

127 Miss.—17

which he wished to raise to the indictment because of any defect appearing on the face thereof should have been taken by demurrer to the indictment and cannot be taken otherwise. See section 1182, Hemingway's Code (Section 1426, Code of 1906). At the time *Hays* v. *State,* 57 Miss. 783, and *Wile* v. *State,* 60 Miss. 260, were decided we had no admonitory statute similar to section 1182, above mentioned. The requirements of this statute are wise and salutary indeed and promote highly efficient administration of justice in our courts. It is not right that a defendant be permitted to raise objections to an indictment for the first time in the appellate court. He should be made to take advantage of any defect in the indictment at the time of the trial, and otherwise be barred from calling attention to such defect. It is too often forgotten or but dimly realized that the institution of law is primarily for the protection of society and not dedicated as a sanctuary for society's renegades. It is becoming daily recognized in every jurisprudence of the civilized world that too many safeguards have been hitherto set about those accused of crime. No longer are courts adhering to the pedantic and often ridiculous technicalities in the criminal law which anciently characterized the administration of such laws. One accused of crime is not, and cannot be denied every opportunity to defend himself at the bar of justice, but the old familiar avenues of escape by technicality are being fast closed to those guilty of violating the laws of the land.

Of what can this appellant complain? He was charged with manufacturing and distilling intoxicating liquor. By reference to the statute condemning this crime, he and his counsel knew beyond any doubt whatever, that a felony was being charged. He and his counsel knew that the only law denouncing the manufacturing and distilling of intoxicating liquor was section 18, chapter 189, Laws of 1918, and that this law made the crime a felony. They knew that there was no law denouncing this crime as a misdemeanor. The accused and his counsel were therefore fully and clearly informed of the nature of the charge against which

they were to prepare a defense. The defendant suffered no prejudice, received a fair and impartial trial and the judgment of the lower court should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted in the court below on an indictment charging that he "did then and there unlawfully make and distill intoxicating liquors," etc., and one of the assignments of error is that the indictment is fatally defective for the reason that it omits to charge that the liquor was made and distilled "feloniously."

Section 18, chapter 189, Laws of 1918, provides that— "Any person . . . who shall . . . make, or distill . . . intoxicating liquors . . . shall be guilty of a felony, and upon conviction, shall be punished by imprisonment in the penitentiary," etc.

The language of the statute in which the indictment is couched accurately informs the appellant of the nature and cause of the accusation against him; consequently the question of the omission of the word "feloniously" from the indictment cannot be raised in this court for the first time. Section 1426, Code 1906 (section 1182, Hemingway's Code) ; *Cook* v. *State,* 72 Miss. 517, 17 So. 228.

It is true that an omission of this character was permitted to be taken advantage of for first time in this court in *Hays* v. *State,* 57 Miss. 783, but the statute hereinbefore referred to, though called to the court's attention by counsel, seems not to have been considered by the court in reaching its decision. Consequently we decline to follow it, and, in so far as it permits the alleged defect in the indictment here under consideration to be taken advantage of in this court for the first time, it is hereby overruled.

The evidence introduced by the state is in substance that the appellant was arrested by the sheriff without a warrant, charged by him with making whisky, and told that he might as well admit it and show the still to the sheriff, for, if he did not, the sheriff would show the still

to the appellant; that the appellant then conducted the sheriff to a thicket near his residence where a still was concealed, and gave the sheriff about three pints of whisky which he got from his residence a short distance from the still and admitted that the still was his and that he had made the whisky himself.

The evidence for the defendant is in substance that he did not admit either the ownership of the still or the mak-ing of the whisky, but that, on the contrary, neither of them belonged to him; that he did not know that the still was there, though he had suspected that a still was prob-ably being used there by some one, because of certain things that had been brought to his attention, for which reason he had conducted the sheriff to the thicket when he was arrested; that on the day of his arrest two men, neither of whom was the appellant, were seen in the thicket where the still was found with a fire under the boiler of the still; that these men fled on being discovered, and what they were making, if anything, was not ascertained by the witnesses who saw them; that the whisky delivered by the appellant to the sheriff was brought to him in a bucket and left with him for safekeeping by a man whom he had seen several times, but had not met before nor seen since..

One of the assignments of error is that the *corpus delicti* was not proven by evidence *aliunde* the confession. If the appellant's conviction rested only on the evidence intro-duced by the state, this assignment of error might not be without merit, but in determining whether or not the evi-dence *aliunde* the confession is sufficient to prove the *cor pus delicti*—that is, that intoxicating liquor had been un-lawfully made—we are not confined to the evidence intro-introduced by the appellant as well as that introduced by the state, and on the whole evidence *aliunde* the confession the jury were warranted in believing that some one had unlawfully made intoxicating liquor.

Where a confession has been introduced, it may be con-sidered together with other evidence to establish the *cor-pus delicti,* and a conviction will be upheld, provided the

evidence *aliunde* the confession is of such character as will satisfy "the mind that it is a real, and not an imaginary, crime which the accused has confessed." *Heard* v. *State,* 59 Miss. 545; 2 Wharton's Criminal Evidence (10th Ed.), . 1316.

*Affirmed.*