COOPER *v.* STATE.

[94 South. 161. No. 22771.]

WITNESSES. *Unsupported contradictory evidence of witness not sufficient to sustain conviction.*

Where the prosecution relies for conviction on the evidence of a witness who swears one thing on direct examination and directly the contrary on cross-examination, and who admits that

he swore one thing before the grand jury at one time and to the direct contrary at another time while the charge in the indictment was being investigated, is not worthy of belief, and his evidence alone will not, in such case, remove all reasonable doubt of guilt, where the defendant denies the act charged.

APPEAL from circuit court of Clarke county.

HON. J. D. FATHEREE, Judge.

Emmit Cooper was convicted of selling intoxicating liquor, and he appeals. Reversed, and appellant discharged.

*H. A. Shotts* and *V. E. Munn,* for appellant.

The next question in this case is, will the court sanction the action of the court below in allowing the prosecuting attorney, as we think, to brow-beat and harrass prosecuting witness, Chancellor, into finally swearing that it was appellant, and that it was whiskey, thereby making the witness, by the conduct of the prosecuting attorney, contradict himself on the witness stand. In *Fuller* v. *The State,* 85 Miss. 199, the court said first: "Four things belong to a Judge: To hear courteously, to answer wisely, to consider soberly, and to decide impartially." This rule of conduct embodies the wisdom of the ages and has never been improved upon during all the lapse of time since enunciated by the ancient sage and philosopher.

"It is of course of great importance that every guilty man should be brought to justice, but it is of far greater and vital importance, that all, whether guilty or innocent, should receive a fair trial. This is the only protection afforded the innocent who unfortunately may be accused of crime."

We have endeavored to show the court that, tested by the foregoing standard, the appellant did not receive a fair and impartial trial and that the prosecuting attorney by his acts towards witness Chancellor, which was allowed by the Court from the beginning to the end, showed to the jury that he desired the conviction of the appellant

and, in our opinion, largely influenced the jury as to their verdict in this case.

*H. Talbot Odom,* for appellee.

Counsel next contended that the evidence was insufficient to identify the appellant as the party from whom the witness bought the whiskey. It would not be necessary here to set out the evidence on this point. This was fully covered in my statement of facts. Suffice it to say that, even though the state witness Chancellor made various statements both as to the whiskey and as to the identity of the appellant, his testimony was finally very positive on both of these points. Under these circumstances the jury were the sole judges of the weight and worth of the credibility of this testimony. The court has repeatedly held that a conviction may be had on the uncorroborated testimony of an accomplice, even though such witness be impeached. *Fitzcox* v. *State,* 52 Miss. 923. See on filing indictment Hemingway's Code, section 1174; *Wilson* v. *State,* 71 Miss. 216; ch. 1906, section 1418, and . . . *Wilson* v. *State,* 71 Miss. 880; *Owens* v. *State,* 80 Miss. 499. I cite the following authorities in support of the proposition of the credibility of the witnesses, and the weight and worth of the testimony is within the sole province of the jury. *Osborne* v. *State,* 99 Miss. 410, 55 So. 52; *Jackson* v. *State,* 105 Miss. 782, 63 So. 269; *Simmons* v. *State,* 109 Miss. 605, 68 So. 913; *Wells* v. *State,* 112 Miss. 76, 72 So. 859; *Spight* v. *State,* 120 Miss. 752, 83 So. 84.

ETHRIDGE, J., delivered the opinion of the court.

Emmit Cooper was indicted, tried, and convicted of selling intoxicating liquor, and prosecutes this appeal.

Two errors are relied on for a reversal: First, that the indictment was not signed by the district attorney or the foreman of the grand jury; and, second, that the evidence is insufficient to support the verdict. The copy of the in-

dictment in the record is neither signed by the district attorney or by the foreman of the grand jury, nor is it marked filed by the clerk as required by law. Since the submission of the case a motion has been filed by the state for a *certiorari.* This motion should have been filed before the submission of the case, and ordinarily no motion will be entertained after submission of a cause, and especially without a showing of some adequate reason why it was not filed before the submission. But inasmuch as we have concluded that the evidence is insufficient to sustain the conviction, we will dispose of the case upon that assignment.

The witness for the state on the trial testified one way on examination by the district attorney and directly the opposite when examined by the defendant. This performance was gone through with several times with like results. It also appeared from his testimony that when he went before the grand jury the first time he swore that he did not buy liquor from the appellant, and afterwards he was urged to return before the grand jury, and testified that he did, as he might be indicted for perjury if he did not testify to buying the liquor. This advice or urging was done by the uncle of the witness and not by any officer. But from his own testimony it appears that he testified to the grand jury two different ways on two different occasions as he has done on trial on the merits here. The appellant testified that he did not sell the liquor. The testimony of the state witness to the sale was attempted to be fortified by the testimony of an ex-sheriff as to a general conversation had with the appellant, in which conversation he urged the appellant to quit selling liquor, and the appellant stated to him that he was in debt and that that was the only way he had of paying his debt.

The statute authorizes the giving in evidence of as many sales as the state can prove or desires to prove antedating the date of the indictment, but it does not authorize and permit general statement of the character here introduced

for the purpose of convicting an appellant. There was no conversation as to a particular sale to any one.

The evidence of the state witness as to the sale is directly contradictory. It is not a case of explaining former testimony or correcting a mistake in former evidence, but it is willful and deliberate statements contradictory to each other made in the course of the testimony, and it is utterly impossible to give legal credence to such evidence; and especially such credence as would prove the guilt or remove all reasonable doubt ·of his guilt. The witness should have been committed for .contempt of court, because there was no theory upon which the variance between his evidence can be reconciled with a decent regard for the truth.

The judgment will be reversed and appellant discharged.

*Reversed, and appellant discharged.*