GARNER *et al. v.* STATE.

(Division A. June 25, 1923.)

[96 South. 743. No. 23500.].

CRIMINAL LAW.   *Corpus delicti cannot be proved alone by confession of accused; not necessary that corpus delicti be proved exclusively by other evidence than confession of accused; much slighter evidence required to establish corpus delicti where ac-*

*cused confesses; where accused confesses, any corroborative evidence satisfying mind that accused confessed to real and not imaginary crime held sufficient.*

The *corpus delicti* cannot be proven alone by the confession of the accused, but it is not necessary that it be proven exclusively by other evidence than such confession. Where there has been a confession by the accused, much slighter evidence is required to establish the *corpus delicti* than would be necessary where the state must make out the entire case unaided by such confession. In such a case any corroborative evidence will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed.

APPEAL from circuit court of Monroe county.

HON. C. P. LONG, Judge.

Ward Garner and others were convicted of unlawfully manufacturing intoxicating liquor, and they appeal. Affirmed.

*Jacobson & Brooks,* for appellants.

This case should be reversed and dismissed. An examination of the record will convince the court that the evidence as a whole is not supported, and is not sufficient to warrant a conviction. Only one witness testified on behalf of the state, and as near as he could get to making out a case was that one evening while walking out in the woods he ran across two men, the appellants here. He testified that these two men were making whisky. On cross-examination, it will be seen that this was only a deduction, and is not supported by the facts. There is no testimony in the record that the fluid, if there were such, was even seen, smelt, or tasted by the state's witness; there is no testimony in the record that it was intoxicating. There is no testimony in the record that goes to show that the state's witness knew what he was talking about when he said these men were making whisky. The facts of this record show that witness Moreland went down in the woods on property not proven or contended by the state

to be the property of either appellant, and that he ran up on these two men. While he says on examination that they were making whisky, when asked to go ahead and tell what they were doing, the best that he could say was they had none of the stuff on hand, no run had been made, and that they told him when a run was made they would give him some, and that Garner was keeping up the fire, and doing other things, he did not know what, but as to Collins he did not say that he was doing anything.

In *Anderson* v. *State,* 95 So. 637, it was held that: "The liquors, the manufacture of which is prohibited, are necessarily such as are 'intended for use as a beverage or capable of being so used.' Black on Intoxicating Liquors, section 2; 4 Words and Phrases, First Series, 3736. Two things must appear before a defendant can be convicted of a violation of the statute: (1) That the manufacture of a liquor that can be used as a beverage; (2) that the liquor is one of the kinds specifically designated in the statute (*Reyfelt* v. *State,* 73 Miss. 514, 18 So. 925; *Edwards* v. *City of Gulfport,* 95 Miss. 148, 49 So. 620; *Fuller* v. *Jackson,* 97 Miss. 237, 62 So. 873, 30 L. R. A. (N. S.) 1087), or that it will in fact intoxicate." There was no proof of the *corpus delicti,* and for this reason the indirect testimony of admissions was incompetent, and without them the case has nothing to stand upon. No whisky was seen by witness, and no odor of whisky was detected by witness, and nothing that even looked like a fluid was seen. We contend that this statement is borne out by the record, and it justified the statement that the *corpus delicti* is and was not proven. If the *corpus delicti* is not proven, then it follows that a confession or admission is not admissible, and certainly not sufficient to support a conviction. See *Walker* v. *State,* 127 Miss. 246.

*S. C. Broom,* Assistant Attorney-General, for the State.

The theory of the appellant is that the state failed to prove the *corpus delicti.* They rely upon the case of

*Anderson* v. *State,* 95 So. 637. However, note this distinction. In this case there is presented to the jury a question of fact, a question of the credibility of the witnesses. It was for them to say that the witness for the state was wholly unworthy of belief; that he wilfully and corruptly swore falsely to a material fact against his neighbors. Since the appellants took the stand and denied absolutely that they were there on the occasion testified to by the witness for the state, and they testified that the state's witness had manufactured and told a lie, why should they be concerned about the technical requirements of the proof of the *corpus delicti.* Their defense is that they were not present; their defense is that it was some other parties that the witness talked to, or that the witness, as a matter of fact, did not talk to anyone, or see anyone engaged in the manufacture of liquor. It is not as it might have been had appellants been forced to admit the possession of a still. Then, it might have been material to show absolutely that they were using it to manufacture whisky, or that whisky had been manufactured with it, but in the present case we have only to believe the witness for the state that he did actually see them there at the still, and that they were operating the still, and when this is done, then all else must be conceded because the witness said they were manufacturing whisky, and if the appellants were not there they were not in a position to say that no whisky was being manufactured. This court should bear in mind that questions of fact are for the jury to determine; that they had the opportunity of witnessing the demeanor of the witness on the stand, and judged from their manner of testifying, and from all of this they are best qualified to solve the question of fact.

*Jacobson & Brooks,* for appellants in rejoinder.

The attorney-general contents himself with arguing for an affirmance on the ground that the state's witness must

have been unfriendly to the prosecution, and evidently
the jury thought the men guilty, because they had seen
and observed his manner and their manner of testifying.
The attorney-general argues further that the case should
be affirmed, because the appellants had taken the stand
and denied the testimony of the prosecuting witness. We
seriously challenge the correctness of this contention. We
do not think it sound in law, logic or procedure.

*S. C. Broom,* Assistant Attorney-General, for appellee
in reply.

The whole defense rests upon the theory that the *corpus delicti* has not been proven, that we have failed to
prove that any whisky was made, and, therefore, the
evidence is insufficient to warrant a conviction. In support of this theory they cite the case of *Cook et al* v. *State,*
94 So. 161, which is plainly distinguishable on its facts.
In the conversation at the still the word "whisky" was
not used, but it is a well known fact that people who
deal in intoxicating liquors, deal largely in signs and
symbols. The witness knew what appellants were doing
and what they were talking about. With reference to
judicial notice of matters of common knowledge, see Evidence, 16 C. J. 512-513; *State* v. *Cummings,* 248 Mo. 509,
154 S. W. 725; *State* v. *St. Clair,* 250 Mo. 278, 157 S. W.
339. It will be observed that these authorities come from
the state of Missouri where the people are supposed to
have to be shown, and yet the courts take judicial notice
of human conduct and matters of common knowledge. It
is not always the spoken word which is most convincing.
See, also, *Puckett* v. *State,* 71 Miss. 192, 14 So. 452; *Irby*
v. *State,* 91 Miss. 542, 44 So. 801; *Sims* v. *State,* 1 Ga. 776,
57 S. E. 1029; *Shreveport* v. *Bowen,* 116 La. 522, 40 So.
859; *McClendon* v. *State,* 8 Ga. App. 398, 69 S. E. 37.
We submit that this court will take judicial notice that
signs and symbols are used with reference to intoxicating

liquors. And this court will take judicial notice that the witness knew that these appellants were talking about whisky when they asked him how he was about such things, and when they said they would give him a drink when they had some run, or words to that effect.

Argued orally by *Hardin Brooks* for appellant and *S. C. Broom,* Assistant Attorney-General, for the State.

ANDERSON, J., delivered the opinion of the court.

Appellants were indicted in the circuit court of Monroe county and convicted of unlawfully manufacturing intoxicating liquor and sentenced to the penitentiary for a term of three years, from which judgment they prosecute this appeal.

The only state's witness, Moreland, testified that while out hunting in the woods he came across appellants apparently engaged in the manufacture of intoxicating liquor; that he found them in the possession of a still which was being operated. According to the evidence of the witness there was every appearance of whisky being manufactured. It is true he stated that he neither tasted nor smelled whisky during the few minutes he was at the still. He testified, however, that appellants admitted that they were engaged in manufacturing intoxicating liquor and invited him to remain and take a drink of such liquor with them, which the witness declined to do. It is contended that the trial court should have directed a verdict for the appellants because there was not sufficient evidence to go to the jury on the question of guilt. *Cook* v. *State* (Miss.), 94 So. 161, is cited with much confidence to sustain that view. There was nothing in the Cook Case to show that the defendant was manufacturing whisky. The evidence merely showed that the defendant was operating what appeared to be a still. There was no confession by the defendant or other evidence that intoxicating liquors were being manufactured—simply a still

apparently in operation. Here we have a still in operation out in the woods away from human habitation, proven by evidence *aliunde* the confession of appellants, and, in addition, the confession of appellants in unmistakable language, although veiled, that they were in fact manufacturing intoxicating liquor.

It is true that the *corpus delicti* cannot be proven alone by the confession of the accused. Nevertheless it is not necessary that the *corpus delicti* be proven *exclusively* by other evidence than the confession of the accused. The controlling principle is thus stated in the leading case of *Heard* v. *State,* 59 Miss. 545, which has been followed in subsequent cases:

"Where there has been a confession by the accused, much slighter proof is required to establish the *corpus delicti* than would be necessary where the state must make out the entire case, unaided by a confession. Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed, and the fact that he was the guilty party may be found by the jury, on proof much slighter than that ordinarily essential."

We hold therefore that this still situated as it was is sufficiently corroborative of the confession of the appellants to make the guilt of appellants a question for the jury.

*Affirmed.*