POPE *et al. v.* STATE.

(Division B. Dec. 1, 1930.)

[131 So. 264. No. 28875.]

**F. W. Cunningham,** of Booneville, and **T. A. Clark,** of Iuka, for appellant.

**W. A. Shipman,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants were indicted, tried, and convicted of the crime of burglary; the burglary being alleged and shown to be of the storehouse of the Booneville Hardware Company, a corporation.

It is contended by the appellants that there was not a sufficient establishment of the corpus delicti by evidence aliunde the confessions of the defendants, and this constitutes the assignment of error, a peremptory instruction having been requested and refused directing a verdict of acquittal.

The evidence for the state, apart from the confessions of the defendants, is that on the date in question the fastening of the storehouse door of the hardware company had been removed. The door was closed, but the witness for the state testified that on the evening of the burglary he closed and bolted the door, fastening it so that it could not be opened from the outside: that he was positive this was done, and that he and another were the last persons to leave the store.

Another employee, who opened the store the following morning, testified that the fastenings had been removed and the door was not fastened and secured in its usual manner so it could not be opened from the outside; that, when the employee who closed the door came in, he called his attention to it, and that he had found the door in that condition. Another of the employees of the store testified that they missed a box or crate of shells; that a day or two before the date of the burglary they had put the shells aside to be returned to the party from whom they

were bought because they were not suitable; that there were two crates of the shells; and that a day or two after the burglary they went to reship the shells and found one of the crates missing.

We think this constitutes a sufficient proof of the corpus delicti for the reception of the confessions of the defendants. The confessions of the defendants, each of them, were that the defendant Pope was employed as a delivery boy for the hardware company and had secreted the defendant Pate in the store of the hardware company for the purpose of removing the fastenings of the door and opening it and letting Pope into the store, and that they went from that store into another store which was also burglarized on the same occasion, and took goods therefrom. At the time these confessions were made, the appellants were under arrest for burglarizing the other store, and they do not seem to have stated that they took anything from the store involved in the present prosecution. The other store burglarized, about which the arrest was first made, was known as the Patrick Store, and adjoined the hardware store. The evidence as to the confessions is full and complete, and the confessions were legally admissible if the corpus delicti had been sufficiently proven by other evidence, which we think it had. In order for the corpus delicti to be established by evidence aliunde the confessions, it is not necessary that the proof aliunde should show the crime or corpus delicti beyond a reasonable doubt, but it is sufficient to show it by a preponderance of the evidence or by evidence amounting to a probability, and then the confessions will be received, and, if the confessions coupled with the proof of the corpus delicti aliunde show the corpus delicti beyond a reasonable doubt, it is sufficient. See Walker v. State, 127 Miss. 246, 89 So. 921: Patterson v. State, 127 Miss. 256, 90 So. 2; Garner v. State, 132 Miss. 815, 96 So. 743; Wood v. State, 155 Miss. 298, 124 So. 353.

The judgment of the court below will therefore be affirmed.

Affirmed.