GIPSON *v.* STATE.

(Division A. March 7, 1932.)

[139 So. 868. No. 29779.]

J. M. Morse, of Poplarville, for appellant.

482

**W. A. Shipman,** Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

The appellant was indicted, tried, and convicted on a charge of arson, in the burning of an automobile, with felonious intent to injure, prejudice, and damage the insurer, and appeals here.

Stated briefly, the appellant was the owner of a Chrysler coupe of a certain described motor number, and on May 30, 1930, the officers found the automobile in question at the place where the appellant resided, with its wheels, battery, timing gear, and "dashboard" removed therefrom. The appellant made out and signed a "Proof of Loss" upon the blanks of the insurance company for the car including the lost articles, which proof of loss showed the number of the policy, and that it was for loss sustained by the appellant by the burning of the car. This proof of loss was signed in the presence of a witness who testified to that fact.

The officers obtained a search warrant and searched the house of the father of the appellant where he resided, and found concealed in the attic thereof the dashboard of the car. Thereupon, the appellant confessed to the officers that he had set fire to the car "to settle with" the insurance company; that he had intended to collect from the insurance company, and then reassemble the car with the missing parts which he had concealed, and he told the officers that he would show them where the wheels, battery, and timing gear were hidden. He car-

ried them to an asparagus bed and dug down about three feet, and found the wheels, the battery, and the timing gear of the car, the wheels having the tires thereon.

An agent of the insurance company testified that the car was covered by insurance against loss by fire.

An officer testified that the car was burned on the top and seat, and there was some evidence of burning on top of the radiator.

The appellant further stated to the officers that he had poured gasoline on top of the car and set fire to it. In the proof of loss signed by him, he represented that he had run the car in the ditch and could not get out; had started for help, and when about two hundred yards away, he discovered the car was in flames.

1. It is contended that the court erred in permitting the confession of the appellant to be considered by the jury in the absence of proof of the corpus delicti.

The prosecution was initiated under section 785, Code of 1930. The evidence that he had attempted to burn the car, and the physical condition of the car itself with reference to the burning, and the finding of the concealed dashboard and the several missing parts which we have named, together with the confession and proof of loss signed by him, were amply sufficient to establish the corpus delicti.

But, in addition to this, by virtue of the confession, the officers learned certain material facts, that is, that the missing parts of the automobile were buried beneath the asparagus bed, and these parts being found in that place, were strong proof of the fact that a crime had been committed in connection therewith. These facts, when considered in conjunction with the evidence of the burned condition of the car, make out a strong case establishing the corpus delicti, and likewise establishing the appellant's guilt.

These facts ascertained by reason of the confession of the accused may be taken in consideration in establish-

ing the corpus delicti. Pitts v. State, 43 Miss. 472; People v. Jaehne, 103 N. Y. 192, 8 N. E. 374, and State v. Hall, 31 W. Va. 505, 7 S. E. 422. So that, we think the corpus delicti was duly established, applying the rule announced by this court in the cases of Garner v. State, 132 Miss. 815, 96 So. 743; Pope v. State, 158 Miss. 794, 131 So. 264.

2. It is insisted that a letter purporting to have been written by the appellant to the insurance company demanding payment for the loss, also the proof of loss against the insurance company for theft of the articles removed from the car, together with a bill of sale executed to the appellant by the vendor of the car, were not identified as bearing genuine signatures of the appellant.

The defendant offered no evidence in the case. The evidence offered was amply sufficient to show that the crime charged in the indictment was committed, and that it was by a criminal agency, and that the appellant was the agent. His guilt in this case is clear, and if, perchance, these documents offered in evidence were not competent, still, in the light of his confession, and the other facts, no harm could possibly have accrued to the appellant thereby.

3. It is urged that the state failed to prove, by introducing in evidence the policy of insurance itself, that the car in question was insured against loss by fire.

An agent of the company testified that it was so insured. In addition to that, the proof of loss signed by the appellant, augmented by his confession, amply shows that this car was insured against loss by fire. The terms of the contract were not material on the issue to be decided herein.

There is no reversible error in this record.

Affirmed.