## WHITTAKER *v*. STATE.

(Division A.  June 13, 1932.)

[142 So. 474.  No. 30111.]

**McFarland & Holmes,** of Aberdeen, for appellant.

D. W. Houston, Sr. and Jr., and Leftwich & Tubb, all of Aberdeen, for the state.

Briefs of counsel not found.

McGowen, J., delivered the opinion of the court.

Appellant was indicted, tried, convicted, and sentenced to serve a term of seven years in the state penitentiary, and appeals here. The indictment charged him with arson in the burning of a barn belonging to McCullen. The record is clear of reversible error, and we, therefore, will not give a detailed statement of the facts.

The barn was discovered to be on fire about two A. M. December 22, 1931. It was filled with hay, and the fire was seen bursting from a window of the loft thereof. A tenant first discovered the flames, gave the alarm, and the owner discharged his pistol. The appellant was seen, by a woman, Mrs. Whitley, who was aroused by the alarm just after the pistol shots, running from that direction. The appellant's brother-in-law testified that, while picking cotton together, Whittaker tried to enlist the witness in a plan to burn the barn for money to be paid by Dr. Walden, who had a lawsuit with the owner of the barn over a land line, they being adjoining landowners. Whitley, a tenant of the owner of the barn, together with said owner, followed tracks coming to the barn to a point about one hundred fifty yards from appellant's house, and likewise leading from the barn by the house of Mrs. Whitley.

A map was offered in evidence showing roads, houses, and the course of tracks made by a human being, wearing No. eight and one-half or nine shoes, to and from the barn, and the shoes of the appellant fit these tracks. It had rained that night, and the tracks were easily followed in the soft ground, but, when a grass plot or hard ground were crossed, there were no visible tracks, but they were

observed on each side of water slashes, and continued in the same general direction. Nine days after the fire, a detective and Whitley retraced these tracks which were still plainly observable, they said, and closed the gap tracking to the grass growing in the yard of the appellant.

After this evidence was in, a signed written confession of appellant made at Columbus, Mississippi, and an oral confession made at Aberdeen, Mississippi, the day after his arrest, were offered in evidence. Objection was made thereto on the ground that it was not free and voluntary. The court heard evidence out of the presence of the jury, held the confession competent, and permitted to to be admitted in evidence.

From the standpoint of the state, the evidence was clear that all of the confessions were free and voluntary. The defendant swore that he was threatened with dire punishment, and promise on the other hand, by the detective, and the confession was extorted from him through fear and was untrue. His evidence created conflict, which was for the trial court to determine, and we cannot disturb that finding. The confessions were, therefore, competent.

In detail, the confessions were complete as to the appellant's plans with another person to burn the barn; as to the route pursued by him in going to and from his house to the barn and passing the house of Mrs. Whitley.

The appellant repudiated his confessions, and he and his witness swore to the defense of an alibi.

The appellant argues that the court below erred in refusing to sustain the motion to exclude the evidence because of the failure of the state to prove the corpus delicti aliunde the confession.

In a case of arson, it is quite well settled that the corpus delicti is (1) proof of the burning of the house or other thing burned, and (2) that the burning was

caused by criminal agency. Pitts v. State, 43 Miss. 472; Spears v. State, 92 Miss. 613, 46 So. 166, 16 L. R. A. (N. S.) 285. The facts in the case at bar are stronger against appellant than they were in the case of Spears v. State, supra.

If we waive any question as to whether or not the point was raised in the lower court, the rule of this court as to the sufficiency of the evidence as to the corpus delicti is announced in Heard v. State, 59 Miss. 545, and the same rule is applied in the cases of Pope v. State, 158 Miss. 794, 131 So. 264; Perkins v. State, 160 Miss. 720, 135 So. 357.

Judge CHALMERS, as the organ of the court, in the case of Heard v. State, supra, said: ''Where there has been a confession by the accused, much slighter proof is required to establish the corpus delicti than would be necessary where the state must make out the entire ease, unaided by a confession. Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed, and the fact that he was the guilty party may be found by the jury, on proof much slighter than that ordinarily essential.''

The tracks in the mud from appellant's residence to and from the barn; the effort he made to hire some one to burn the barn; his being seen, by Mrs. Whitley, running at night just after the shots were fired; that the fire occurred at two o'clock A. M., together with his confession that he followed the precise route; and that his shoes fit the tracks—were quite sufficient to conform to that rule, and the jury was well warranted in finding the appellant guilty, and that a real and not an imaginary crime had been committed.

As to the introduction of the map in evidence, the appellant's confession to McCullen, the injured party, fully established the correctness of the map, and no harm could

possibly have come to the appellant by its introduction in evidence.

It is next complained that the jury were allowed to take the map to the jury room when they retired to consider their verdict.

The map was a paper read in evidence on the trial, and, in virtue of section 584, Code 1930, it was proper for the jury to carry same from the bar to the jury room while considering their verdict.

In Lipscomb v. State, 75 Miss. 559, 23 So. 210, 230, this court held that it was error for the trial court to refuse the request of the defendant to deliver to the jury a paper containing a memorandum of an autopsy.

The jury, no doubt, had in mind the reliability or unreliability of the map, as appears from the evidence, but the all sufficient answer is that the appellant confessed, in effect, the map's correctness.

On the whole case, considering the entire record, its contradictions and conflicts, we think the evidence was amply sufficient to warrant the jury in finding the verdict of guilty in this case.

We find no reversible error in the record.

Affirmed.