## BROOKS v. STATE.

(In Banc. March 22, 1937. Suggestion of Error Overruled April 26, 1937.)

[173 So. 409. No. 32596.]

 

**Brewer & Hewitt**, of Jackson, for appellant.

578

**Wm. H. Maynard,** Assistant Attorney-General, for the State.

**Smith, C. J.,** delivered the opinion of the court.

The appellant was convicted of murder and sentenced to be hanged. The evidence introduced on the trial was not made a part of the record, and consequently does not appear therein.

The assignments of error complain (1) of the refusal of the court to grant an instruction requested by the appellant; and (2) of the modification of one of appellant's requested instructions.

The instruction refused reads as follows:

"The court instructs the jury for the defendant that the burden of proof is upon the state at all stages of this case which includes proof that E. W. Cook was murdered and to establish this as one of the evidences of guilt before they can consider any evidence offered in the way of a confession and if you fail to find that he was so murdered, it is your duty to acquit. In other words, the burden of proof is upon the state in this cause to prove that Mr. Cook was murdered independently of any statement of the defendant."

This instruction was intended to direct the jury not to consider the evidence of a confession unless and un-

til they should find aliunde the confession that the person alleged to have been killed was murdered. There are two defects therein: (1) It erroneously defines the term "corpus delicti" in a murder case and (2) it is not true that the jury is always precluded from considering a confession when determining whether the corpus delicti has been established.

In a homicide case, the corpus delicti is: "1st. The fact of the death of the deceased; and 2d. The fact of the existence of criminal agency as the cause of the death." Pitts v. State, 43 Miss. 472; Perkins v. State, 160 Miss. 720, 135 So. 357. Whether the criminal agency employed renders the crime committed thereby murder or a lesser offense is no part of the corpus delicti, but is for the determination of the jury on all the evidence.

It is true that the corpus delicti must be proved aliunde an extra judicial confession of the commission of the crime charged; but it is not true that under no state of the evidence may the jury consider a confession in determining whether or not the evidence aliunde thereof is sufficient to establish the corpus delicti. Beginning with Heard v. State, 59 Miss. 545, this court has uniformly held that slighter evidence of the corpus delicti is sufficient for its establishment where the commission of the crime has been confessed by the defendant. All that is necessary is for the jury to believe that the evidence as to the corpus delicti, when viewed in the light of the confession, is sufficient to establish that a real, and not an imaginary, crime has been confessed. Walker v. State, 127 Miss. 246, 89 So. 921; Patterson v. State, 127 Miss. 256, 90 So. 2; Garner v. State, 132 Miss. 815, 96 So. 743; Perkins v. State, 160 Miss. 720, 135 So. 357.

The instruction said to have been modified reads, as it appears in the record, as follows:

"The court instructs the jury for the defendant that if they do not believe from the evidence or want of evidence or have a reasonable doubt as to the confessions

being made free and voluntary on the part of the defendant and that the same were coerced by fear, intimidation or force, then it is the duty of the jury to refuse to consider such confessions ~~and any other confession made shortly thereafter~~ while such fear or intimidation was in operation upon the mind of the defendant and to acquit the defendant.

"Given and filed as modified Oct. 19, 1936."

It does not appear from the record that the line through the words intended to be erased thereby was drawn by the trial judge, and for aught that appears it may have been in the instruction when presented to him; and, if this is true, there was, of course, no modification thereof. Assuming for the purpose of the argument that these words were erased from the instruction by the trial judge, no error was thereby committed, for the instruction, as requested, should have been refused. Louisville, N. O. & T. R. Co. v. Suddoth, 70 Miss. 265, 12 So. 205. The instruction, in effect, submits to the jury the admissibility vel non of the evidence of the confessions, with which the jury have nothing to do. The admissibility of a confession is for the determination of the trial judge; and, when admitted, the jury may consider it in the light of the evidence by which it was obtained and give it such weight and credibility as they think it is entitled. They should not reject it entirely unless they believe from the evidence that it is false. Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; 2 Wigmore on Evidence (2 Ed.), section 861. Moreover, if the appellant accepted and used the instruction as modified, he cannot complain of the modification thereof. Williams v. State, 95 Miss. 671, 49 So. 513. The record does not disclose that the appellant declined to accept the instruction as modified, and we "must assume that" it was "read to the jury." Pullen v. State, 175 Miss. 810, 168 So. 69.

Finally, an error committed by a trial judge in the granting and refusing of instructions does not warrant

the reversal of the judgment rendered, unless it appears that the appellant was prejudiced thereby; and, without the evidence on which the instructions were based, it is impossible for the court to determine this question. For aught that we may know, there may have been no evidence of confessions' made by the appellant, or if there was, the evidence aliunde thereof may have clearly disclosed the existence of the corpus delicti; and, if there was evidence of subsequent confessions, it may also have clearly appeared therefrom that the illegal cause which induced the first, if such there was, had ceased to influence the appellant.

The judgment of the court below will be affirmed, and the sentence will be executed on Thursday, April 29, 1937.

So ordered.