Gross *v.* State.

(In Banc. June 9, 1941.)

[2 So. (2d) 818. No. 34688.]

Maurice R. Black, of Flora, for appellant.

**Geo. H. Ethridge,** Assistant Attorney-General, for appellee.

**Roberds, J.**, delivered the opinion of the court.

The appellant was indicted, tried, and convicted in the Circuit Court of Hinds County for burglarizing a store-

house located in the City of Jackson, the property of one R. W. Harper, and sentenced to a term of three years in the state penitentiary. From this conviction and sentence, he appeals.

The first contention is that the body of the crime was not proven aliunde the confession of the defendant. His contention in this respect is not free from doubt, but we have concluded that, under the proof in this record and the applicable rules of law, it is not well taken.

The building claimed to have been burglarized is a storeroom or warehouse used in connection with Harpers Foundry and Machine Shop in which is kept large quantities of babbitt and brass and other mill supplies used in the operation of the foundry. The building has five doors, and one large plate-glass window. The front door has a lock which automatically locks itself when closed. This may be unlocked from the outside. The other four doors are fastened from the inside by a piece of wood 2″x4″ in size, placed behind uprights across the door, or by steel spikes in the ends of the doors. These doors have no locks and must be fastened and unfastened within the building.

The proof shows that three persons had keys which would unlock the front door—Mr. Harper, the owner, Mr. Wright, the manager of the supply department, and Charlie Brown, the negro janitor. On the night of the alleged burglary, Mr. Wright fastened all of the doors, and locked the front door, between eight and nine o'clock. The janitor opened the building about seven o'clock the next morning, but did not notice that any of the materials had disappeared. Mr. Wright arrived shortly after seven o'clock; and when he went into the wareroom, he discovered that some seven hundred pounds of babbitt and eight hundred pounds of brass and some other material had been taken from the building. All persons who had keys testified that they had no knowledge of how these materials were removed, and that they could not have been removed except through one or more of the doors.

The proof also shows that there were no signs of any breaking or that any door had been opened.

The defendant made a confession in which he said that he and one Kendrick, the night watchman at the foundry, had agreed that they would steal brass and babbitt and other material from this warehouse, and that on the night in question they did do that; that Kendrick inserted a piece of iron behind one of the doors and lifted the bar from the uprights on the inside of the door, and thereby opened it. The confession then details how the materials were taken from the building and hauled away, and where they were placed. The process of opening the door would leave no indication thereon of the method of doing it. The night watchman was familiar with all of the surroundings, and by replacing the bar and coming through the front door and closing it, left no sign or indication of the manner of entering the building.

It is true, as held by a long line of cases in this State, that in felony cases the corpus delicti must be proved by evidence aliunde the confession of the accused. Stringfellow v. State, 26 Miss. 157, 4 Cushm. 157, 59 Am. Dec. 247; Pitts v. State, 43 Miss. 472; Jenkins v. State, 98 Miss. 717, 54 So. 158; Rayborn v. State, 115 Miss. 730, 76 So. 639; Patterson v. State, 127 Miss. 256, 90 So. 2; Williams v. State, 129 Miss. 469, 92 So. 584; Garner v. State, 132 Miss. 815, 96 So. 743; Crabb et al. v. State, 152 Miss. 602, 120 So. 569; Pope v. State, 158 Miss. 794, 131 So. 264; Perkins v. State, 160 Miss. 720, 135 So. 357; Gipson v. State, 162 Miss. 480, 139 So. 868; Whittaker v. State, 169 Miss. 517, 142 So. 474; Yates v. State, 172 Miss. 581, 161 So. 147; Brooks v. State, 178 Miss. 575, 173 So. 409.

But it is also true that where the confession has been introduced, it may be considered with the other evidence to establish the corpus delicti. See cases cited above and also Keeton v. State, 175 Miss. 631, 647, 167 So. 68.

It is also the rule that: ''Where there has been a con-

fession by the accused, much slighter proof is required to establish the corpus delicti than would be necessary where the State must make out the entire case, unaided by a confession. Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed, and the fact that he was the guilty party may be found by the jury, on proof much slighter than that ordinarily essential.'' Heard v. State, 59 Miss. 545; Keeton v. State, supra.

In the case of Pope v. State, supra, the rule is announced in these words: ''In order for the corpus delicti to be established by evidence aliunde the confessions, it is not necessary that the proof aliunde should show the crime or corpus delicti beyond a reasonable doubt, but it is sufficient to show it by a preponderance of the evidence or by evidence amounting to a probability, and then the confessions will be received, and, if the confessions coupled with the proof of the corpus delicti aliunde show the corpus delicti beyond a reasonable doubt, it is sufficient.''

The essentials to prove the crime of burglary in this case were: (1) A breaking and entering the building, and (2) with intent to steal therein or to commit a felony. Section 817, Code 1930, amended by Chap. 243, Laws of Miss. 1940, p. 413. By breaking is meant any act of force, regardless of how slight, necessary to be used in entering the building—a turning of a knob, a slight push to further open a door, the raising of a latch—these and like acts are sufficient.

Applying the foregoing rules of law to the facts of this case, it is evident that the crime of burglary was committed. These were heavy materials; they could not have been removed except through the doors. The doors were fastened, and the proof shows, conclusively, that no one who had a key entered the building. Of course, it is possible that one might have been concealed inside

of the building when the doors were barred and locked the night before, and removed from the building, during the night, these materials. But this borders upon the fantastic, viewed from a practical standpoint. From these facts, unaided by the confession, it is certainly within the range of probability that burglary was committed.

Appellant next contends that the confession was not admissible. Confessions should be received with great caution; but we have reviewed carefully the testimony in this record, and, based upon that testimony, the confession was free and voluntary. In such case the confession will not be disturbed "unless it appear that such finding was manifestly contrary to the weight of the evidence." Keeton v. State, 175 Miss. 631, 167 So. 68.

The appellant also contends that it was error to admit proof, before the jury, of the finding by the officer in the home of appellant of a quantity of babbitt when the officer went to his home with a warrant for his arrest, but without a search warrant. It is very doubtful if any evidence on this point was introduced in the presence of the jury, but, if so, we think the ruling of the trial judge excluded it. It is, therefore, unnecessary for us to pass on that question.

We find no reversible error in this record.

Affirmed.

**Alexander, J.**, not participating.