PHILLIPS *v.* STATE.

(In Banc. Feb. 14, 1944.)

[16 So. (2d) 630. No. 35368.]

C. E. Conner, of Columbia, and W. J. Hatten, of Sumrall, for appellant.

Livingston & Livingston, of Prentiss, and **Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

Argued orally by **C. E. Conner**, for appellant, and by **W. H. Livingston**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

On the night of November 22, 1942, the home of D. J. Broom in Jefferson Davis County was burned to the ground, and he was burned up in it. Appellant Phillips and one John Loveless were suspected of committing the crime of the murder of Broom by that means. They were indicted for the crime of murder and tried separately. Loveless was convicted and sentenced to the penitentiary for life, and Phillips convicted and sentenced to be electrocuted. From that judgment he prosecutes this appeal.

Phillips' conviction was based principally on his own confession of guilt. It is argued that his confession should not have been admitted in evidence because the corpus delicti was not first sufficiently proven. The deceased Broom was about 82 years of age. His wife had been dead approximately 7 years. His home was in the country. He lived alone. He did the necessary work

about his home, including cutting his fire wood. He sometimes walked several miles. He was unusually active physically and mentally for a man of his age. He had a pistol which he kept under his pillow on his bed, and an axe, which he kept about the place. After the fire the pistol could not be found and the axe was found several hundred yards away from the home. His burned and charred remains were found in front of the fireplace where he habitually sat and nearby his bunch of keys and pocket knife. The fire took place between 8 and 9 o'clock at night. About 3 o'clock that afternoon one of his grandsons who lived near brought his supper to him, which was prepared and sent by his daughter, the mother of the child. The grandson remained with him until between 4 and 5 o'clock, when he went back home. When the grandson left Broom was in the yard cutting firewood with the axe. He was never seen by any one after that. His physical and mental condition was such as to indicate that if the fire was accidental he would have extinguished it before any harm was done. Phillips did not testify. The only evidence in conflict with his confession was that of Mrs. Ward, she testified that he spent the entire night of the fire in her home, including the period between 8 and 9 o'clock. The evidence was sufficient to show that the fire and Broom's resulting death were of incendiary origin.

Phillips' confession was free and voluntary. He stated that he and Loveless went that night between 8 and 9 o'clock to the home of Broom for the purpose of robbing him of money he was supposed to have, and if necessary to accomplish that purpose to take his life and burn his home; that accordingly he, Phillips, knocked him in the head with an axe, from which blow he fell over on the floor. They searched for money and found none, and then set the house afire and left. That he did not know whether Loveless found any money or not, if he did he did not give him any part of it. One of the principal grounds relied on for reversal is that the corpus delicti was not

sufficiently proven, and for that reason the confession should have been excluded. Our court and others are committed to the principle that where there is substantial evidence tending to prove the corpus delicti, although not sufficient to prove it beyond a reasonable doubt, the confession is admissible for that purpose. Perkins v. State, 160 Miss. 720, 135 So. 357; Gross v. State, 191 Miss. 383, 2 So. (2d) 818; Keeton v. State, 175 Miss. 631, 167 So. 68. Applying that principle here, it is manifest that the corpus delicti was sufficiently proven.

Appellant made a motion for a change of venue, which was overruled. That action of the court is assigned and argued as error. It is without merit. There was no substantial evidence to show that the public had prejudged the case against the appellant. Unless the action of the court in that respect was an abuse of discretion there is no ground for reversal of the judgment. Dalton v. State, 141 Miss. 841, 105 So. 784; Regan v. State, 87 Miss. 422, 39 So. 1002; Stewart v. State, 50 Miss. 587.

The action of the court in overruling appellant's motion for a continuance on account of the absence of one Hodge is assigned and argued as error. That contention is also without merit. Hodge had been a citizen of this state but had removed to the State of Louisiana. There was no evidence that he could be induced to come to this state and be a witness in the case. Appellant claimed that he could prove that Hodge overheard some statement from an officer that indicated appellant's confession had not been voluntary. The judgment will not be reversed for refusing a continuance unless the accused is thereby prejudiced. We do not think that is true here. Cox v. State, 138 Miss. 370, 103 So. 129; Sanders v. State, 141 Miss. 289, 105 So. 523.

The court refused an instruction requested by appellant, which concluded with this language: "In this connection you are further charged that before you can convict a defendant of anything you must so believe (beyond a reasonable doubt) all these things without re-

gard to the purported confession of the defendant.''
What has been said with reference to proving the corpus
delicti in part by the confession disposes of this assignment.

What has been said disposes, of course, of the contention that the appellant was entitled to a directed verdict.

The other assignments of error are so manifestly without merit that we refrain from discussing them.

Affirmed and Tuesday, March 28, 1944, set for the date of execution.