SULLIVAN *v.* STATE.

Mar. 9, 1953

No. 38669          23 Adv. S. 28          63 So. 2d 212

*D. A. McLeod,* for appellant.

*J. T. Patterson,* Assistant Attorney General, for appellee.

KYLE, J.

The appellant, Barney Sullivan, was convicted in a justice of the peace court of Covington County on a charge

of driving a truck on Highway No. 84 while under the influence of intoxicating liquor, and was sentenced to pay a fine of $100 and costs. He appealed the case to the circuit court, where he was again tried and convicted, and was sentenced to pay a fine of $125 and costs. From that judgment he prosecutes this appeal.

D. E. Grubbs, a state highway patrolman, testified that on the night of March 23, 1952, he was driving eastwardly on Highway No. 84 toward the Town of Collins; that as he passed a road intersection two or three miles west of Collins he saw a truck approaching the highway on a gravel road; that a few minutes later, as he was driving into the Town of Collins, he was overtaken by the driver of another automobile, who informed him that a wreck had occurred on the highway behind him; that he turned back, and when he reached the point of intersection of the gravel road with the highway he found a truck at the intersection, with the left front end of the truck in the highway. He stated that he found some soldiers there, who had run into the truck, and that he found the appellant there. He stated that the appellant was leaning against the back of the truck, and that the appellant was very drunk; that his eyes were bloodshot, and he was unable to walk in a normal manner. The patrolman stated that the appellant's brother, Ray Sullivan, was with him, and that Ray Sullivan was also drunk. The patrolman stated that there was a very strong odor of whiskey in the truck. The patrolman found a gallon jug on the floorboard of the truck that had been broken. The jug seemed to have had about a half gallon of whiskey in it. The patrolman arrested the appellant, and brought him to Collins and put him in jail.

The patrolman testified that he asked the appellant and his brother who drove the truck on the highway. They stated at first that neither of them had driven the truck on the highway. The patrolman then asked them who was with them, and they said "Nobody." Upon

being questioned more closely about the matter the appellant finally said that he was driving the truck. After the patrolman brought the appellant to the jail he again asked him if he was the driver of the truck; and the appellant said that he drove the truck up to the highway intersection and parked it there. The patrolman testified that Ray Sullivan also told him in the presence of the appellant that the appellant was driving the truck.

Mart Rogers, the deputy sheriff, testified that he saw the appellant in the jail the morning after his arrest, and that the appellant asked him what he was charged with. Rogers told him that he did not know, and asked the appellant where the officers got him. The appellant said: "Outside of the road in the truck." Rogers then asked him "Who was driving the truck?" The appellant said: "I drove the truck up there," and then the appellant added, "But when the patrolman got me nobody was driving it." Charley Crawford, the marshal of the Town of Collins, testified that he was at the jail when the highway patrolman brought the appellant in, and that the appellant was drunk, sloppy drunk.

The appellant offered no testimony on his own behalf.

The appellant's attorney assigns as error and argues only one point on this appeal, and that is, that the court erred in overruling the appellant's motion to exclude the evidence introduced by the State and direct a verdict of not guilty, on the ground that the evidence was insufficient to prove the corpus delicti.

But we think that there was no error in the action of the court in overruling the appellant's motion to exclude the evidence and direct a verdict of not guilty. The rule is that, while the corpus delicti cannot be established by the extrajudicial confession of the defendant unsupported by any other evidence, it may be established by such a confession corroborated by other facts and circumstances. And it is not necessary to prove the corpus delicti by evidence entirely independent and exclusive of the confes-

sion, but sufficient proof to convict exists when the corpus delicti is established by other evidence and the confession taken together. 20 Am. Jur. p. 1085, Evidence, par. 1233; Heard v. State, 59 Miss. 545; Patterson v. State, 127 Miss. 256, 90 So. 2; Garner et al. v. State, 132 Miss. 815, 96 So. 743; Perkins v. State, 160 Miss. 720, 135 So. 357; Nichols v. State, 165 Miss. 114, 145 So. 903; Gross v. State, 191 Miss. 383, 2 So. 2d 818; Greenlee v. State, 188 Miss. 387, 195 So. 312; Phillips v. State, 196 Miss. 194, 16 So. 2d 630.

In the case of Heard v. State, supra, the Court said: "Where there has been a confession by the accused, much slighter proof is required to establish the corpus delicti than would be necessary where the State must make out the entire case unaided by a confession. Any corroborative proof in such a case will be held sufficient which satisfies the mind that it is a real and not an imaginary crime which the accused has confessed, and the fact that he was the guilty party may be found by the jury, on proof much slighter than that ordinarily essential."

The testimony of the highway patrolman, who arrived at the scene of the accident a few minutes after the truck had been driven on the highway, aided by the confession, was sufficient to make out the State's case.

The judgment of the lower court is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Ethridge* and *Lotterhos, JJ.,* concur.